■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MATTHEW R. VEITCH, Appellant.— Judgment reversed on the law and facts and a new trial granted. Memorandum: The defendant was arrested under circumstances which seemed to indicate an attempt to open a safe on the premises where he was arrested. He was taken to police headquarters almost immediately and questioned by detectives there. After he had been there somewhat less than four hours he gave an oral inculpatory statement in the nature of a confession, and thereafter this statement was reduced to writing and he signed it. The Trial Judge found that there was no question about the fact that the statements were taken after arrest, while defendant was in custody, and had been "booked" on the police blotter. He also found it clear that the alleged crime had passed the investigatory stage and had reached the accusatory level. The defendant was not advised of his rights, including the right to counsel. He did not ask for counsel or ask to communicate with anyone. There was a delay in his arraignment of about one and one-half hours to enable the police to type his statement and have it signed. For these reasons, quite aside from the question of voluntariness, the statement was erroneously received in evidence. (*People* v. *Richardson*, 25 A D 2d 221.) This error requires a new trial. All concur, except Henry and Marsh, JJ., who dissent and vote to affirm. (Appeal from judgment of Oneida County Court convicting defendant of burglary, third degree, and attempted grand larceny, second degree. Resubmission to court after order of Oneida County Court holding that defendant's confession was proven to have been voluntary beyond any reasonable doubt.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.