THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY L. DENNIS, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered June 28, 1977, convicting him of criminal sale of a controlled substance in the second degree and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence. This appeal also brings up for review the denial of the defendant's motion to set aside his conviction on the ground of juror misconduct. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The prosecution's summation to the jury in this case was so improper and inflammatory that the defendant was denied a fair trial. Therefore, the defendant's conviction must be reversed. In commenting on the defendant's contention that he had been arrested by the police officers involved as an act of revenge, the prosecutor said that the defense was asking the jury to believe that the defendant "was set up as an act of vengeance because for whatever reason five years ago he escaped conviction when he was arrested and brought to trial for selling dope." With respect to the defendant's testimony that he was elsewhere when the crime was committed, the prosecutor stated: "I submit to you that that's ludicrous. The whole story is ludicrous and it defies any type of imagination. He was the peddler of the poison." While discussing the defendant's character witnesses, the prosecution drew an obvious parallel between the defendant and former President Nixon, by saying: "Think during the course of the history of man how many great leaders, how many people could have marched before you an impressive list of witnesses to tell you that this individual is law abiding. A leader who is now enjoying the scorn * * * of his fellow Americans. You know, it's the same thing." Finally, the prosecutor told the jurors that if they believed the defendant, they had to believe that all involved, including himself, had concealed and tailored evidence and had "conspired to get" the defendant. He thus made himself an unsworn witness and used his position and own veracity to buttress his case. (Cf. *People v Lovello,* 1 NY2d 436.) As an officer of the court, and as a representative of the People of the State, a prosecutor must refrain from summing up in a manner that denies the defendant his right to a fair trial. We have considered the other contentions raised by the defendant and find them to be without merit. Shapiro, J. P., Cohalan, Margett and O'Connor, JJ., concur.