■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS REYES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 27, 1975, convicting him of criminal sale of a controlled substance in the second and third degrees, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Defendant admitted the commission of the two acts with which he was charged, but asserted that he had never previously sold drugs and that he was entrapped into making the sales in question by a registered confidential informer who himself had been a narcotics addict. Defendant's testimony as to entrapment was corroborated by the testimony of his cousin. In view of the nature of the defense, the errors committed at the trial, only some of which are here detailed, necessitate the granting of a new trial. In cross-examining defendant, the prosecutor asked how he supported his drug habit. Defendant answered, "Burglary, shoplifting." He was then asked whether he had ever robbed anyone for money. Those questions were repeated every time the prosecutor queried defendant about his purchases of drugs from the informant. In summation, the prosecutor stressed defendant's criminal activity but neither he then, nor the court thereafter, informed the jury

that such testimony was received for the limited purpose of testing and possibly affecting defendant's credibility. The summation shows that the prosecutor used that testimony not only for its legally limited purpose, but also to establish a propensity on defendant's behalf to sell drugs (see *People v Sandoval,* 34 NY2d 371; *People v McKinney,* 24 NY2d 180). In addition, the prosecutor's appeal to the prejudices of the jurors, by stating that as parents of children they sometimes "find out that their own children use this crap, this junk, this heroin", was unfair and unwarranted in context of the record in this case. Not content with engendering that thought into the minds of the jurors, the prosecutor then told the jury, in effect, that while only two transactions were involved in this case they had a right to speculate that more were involved and that they should not "come in here with a not guilty verdict and let somebody, an admitted pusher walk out of here." There was no testimony at all that defendant was an "admitted pusher"; defendant's proof was entirely to the contrary and there was no warrant for that grossly prejudicial remark. In effect, the verdict in this case depended upon whether the jury believed the informer or the defendant and his witnesses. Under such circumstances, we cannot conclude that the totality of the errors committed did not taint the result. Mollen, P. J., Hopkins, Suozzi, Shapiro and O'Connor, JJ., concur.