■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SILVIO TERMINI, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered November 29, 1977, convicting him of attempted robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The appellant and another person were indicted for various crimes stemming from an attempted robbery at a jewelry store in Queens County. Prior to the trial, the codefendant pleaded guilty to attempted robbery in the first degree. The appellant continued to trial and appeals from the judgment of conviction rendered upon the jury's verdict of guilt on the charge of attempted robbery in the first degree. At the trial, the complainant testified to the circumstances of the attempted robbery and positively identified the appellant as one of the perpetrators. The identification was premised upon the complainant's observations of the appellant on three different occasions for a total time of approximately 30 minutes. The prosecution also introduced the testimony of several police officers who detailed their involvement in the investigation which led to the appellant's arrest. From this testimony, it is apparent that the police first ascertained the identity of the appellant's codefendant and, through him, the appellant was eventually identified and apprehended. There was a substantial amount of testimony concerning the appellant's association with his alleged accomplice, particularly an occasion when both men were arrested and thereafter indicted for possession of weapons. That indictment was pending in New York County and had

absolutely no relation to the circumstances of the instant indictment. In addition to this evidence of the appellant's possible involvement in another crime, evidence was introduced concerning other arrests of the codefendant. Generally, in a prosecution for one crime, evidence of other crimes is inadmissible. The purpose of this rule is to avoid the inference that because a defendant may have committed a collateral crime, it is likely that he committed the crime for which he is being tried *(People v Molineux,* 168 NY 264). Similarly, evidence of a defendant's association with other individuals who have criminal histories is generally inadmissible, lest the jury be misled into finding a defendant guilty by virtue of such association. A well-established exception to these general principles is when such evidence is introduced to establish the identity of the person charged with the crime being tried. Arguably, the prosecution here introduced the evidence of another crime because the identification made by the complainant was not conclusive. Nevertheless, the prosecution went too far (cf. *People v Condon,* 26 NY2d 139). The fact of appellant's indictment for possession of weapons in New York County was repeatedly emphasized to the jury. However, this other crime bore no factual relation to the attempted robbery except insofar as the same codefendant was involved. And, certainly, the evidence of the codefendant's prior arrests could serve no purpose other than to imply that the appellant was both criminally disposed and that he associated with criminals. The evidence of the other crimes far exceeds the acceptable limitations on the identity exception to the general exclusion of such evidence. Therefore, a new trial is required. A separate ground for reversal is the impropriety of the prosecutor's summation. Particularly offensive was the prosecutor's lengthy attack on the alibi defense and the failure of the alibi witnesses to come forth prior to trial. Although defense counsel's repeated objections to this line of summation were sustained, the prosecutor continued his attack as if no objection had been made. The purpose of objecting to an adversary's summation is not only to preserve a record for appeal, but also to cause the advocate to desist from the objectionable line of argument. Other particularly prejudicial portions of the prosecutor's summation were his comments on the failure of the appellant to introduce certain evidence and call certain witnesses, and the comment that the appellant, his codefendant, the alibi witness in the New York County prosecution, and appellant's counsel were all members of the same social club which was under police surveillance. The prosecutor's overzealousness in his summation deprived the appellant of a fair trial and, therefore, a new trial is required on this ground. We note that although we believe that there should be a reversal on the above-stated grounds, when the legally competent evidence is viewed in the light most favorable to the People, a prima facie case has been established, and, therefore, dismissal of the indictment is not warranted. Mollen, P. J., Martuscello, Rabin and Gulotta, JJ., concur.