■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS SHARP, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered March 4, 1976, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The trial court's instructions to the jury deprived defendant of a fair trial. In its preliminary instructions, the court stated "If the evidence disproves [defendant's] guilt then you find him not guilty", thus shifting the burden of proof onto defendant. The error was compounded in the trial court's final instructions to the jury, when the court noted: "The case started with an indictment being handed down by the Grand Jury of the County of Queens in which the Grand Jury after listening to the testimony of the victim and probably the police officers handed down an indictment". This information as to proceedings before the Grand Jury was " 'completely unnecessary and possibly misleading' " (see *People v Evans,* 63 AD2d 653, 654). Further, with respect to the alibi defense, the court instructed the jury to acquit if the alibi testimony "convinces you * * * If you believe the alibi testimony", thus precluding the jury from examining that evidence "merely to determine whether it raised a reasonable doubt as to [defendant's] guilt" (see *People v Johnson,* 37 AD2d 733). Moreover, the court's instructions pursuant to CPL 300.10 (subd 2), with respect to defendant's failure to take the stand, were prejudicial and misleading: "Now I have been asked by Mr. Skoller counsel for the defendant to tell the jury that a defendant in a criminal case is never required to take the stand and give testimony against himself. This is his Constitutional right. The Law says he has the option. He may elect to testify but under the Constitution, it says he may sit in his chair and say nothing and say, 'Mr. District Attorney you prove it.' 'You say I am guilty I committed a crime, well prove it beyond a reasonable doubt.' The District Attorney says he proved it beyond all doubt." The court improperly informed the jury that it was delivering the charge at the request of defense counsel (see *People v McCargo,* 67 AD2d 955). These instructions also implied that defendant, if he took the stand, would have incriminated himself and reiterated the People's position that they had proved defendant's guilt beyond all doubt. Further, the prosecutor

in summation used such phrases as "I am sure", "I can tell you", and "I think", which imply expressions of opinion. Although each error, in and of itself, could be considered harmless, the totality of the errors warrant reversal. However, the prosecutor's comment with respect to the alibi witnesses' failure to come forward was not error in this case (cf. *People v Hamlin,* 58 AD2d 631), since the evidence indicated that the witnesses had not come forward to anyone, including defense counsel, until the trial. The time of their initial disclosure was relevant to their credibility (see *People v Brown,* 62 AD2d 715). Indeed, there is a strong probability that the alibi testimony which was not disclosed, even to the defense, until long after the crime, may have been the product of stale, faulty memory. We have considered defendant's other contentions and find them to be without merit. Hopkins, J. P., Titone, Mangano and Gulotta, JJ., concur.