■ The People of the State of New York, Respondent, v Elba Mejias, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 14, 1974, convicting her of criminal sale of a dangerous drug in the third degree (two counts), criminal possession of a dangerous drug in the fourth degree (two counts), criminal possession of a dangerous drug in the sixth degree (two counts), criminal sale of a controlled substance in the third degree, criminal possession of a controlled

substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Defendant was denied a fair trial by various acts of prosecutorial misconduct. Among the errors committed were the use of an unnecessarily and unwarranted inflammatory summation (see *People v Dennis,* 62 AD2d 1022; *People v Reyes,* 64 AD2d 657), the prosecutor making himself an unsworn witness, the introduction of defendant's prior history in an effort to establish a propensity to commit the crimes charged (see *People v Wright,* 41 NY2d 172), and the arguments urged that defendant's association with undesirables was evidence of guilt (see *People v Termini,* 65 AD2d 825) and that the Grand Jury indictment was evidence of guilt (see *People v Donaldson,* 49 AD2d 1004). Although objections were often sustained and curative instructions were ofttimes given, the totality of the circumstances indicates that defendant was deprived of her basic right to a fair trial. Accordingly, a new trial is necessary. Damiani, J. P., O'Connor, Lazer and Margett, JJ., concur.