■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD LINDO, Also Known as OSWALD BOUCHER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Mirabile, J.), rendered April 17, 1979, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence *nunc pro tunc* as of March

23, 1979. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and case remitted to Criminal Term for a hearing and new trial in accordance herewith. We conclude that the cumulative effect of the improprieties committed by the prosecutor deprived defendant of a fair trial. Indeed, after reviewing this record, we have no difficulty in perceiving the basis for the trial court's statement at sentencing that "[t]he district attorney's conduct during this trial was very prejudicial * * * If a motion had been made during the trial by defense counsel, because of that prejudicial conduct, I would have granted a mistrial." For example, on his cross-examination of defendant, the prosecutor repeatedly and improperly compelled the defendant to characterize the People's witnesses as liars or as persons who were trying to frame him, despite three different admonitions by the trial court not to do so. Further, after improperly questioning defendant about his use of aliases on occasions which had no relevance to the case at bar (see *People v Jimenez,* 79 AD2d 1012), the prosecutor compounded this error by addressing the defendant as "Mr. Defendant", and when defense counsel objected, offering the explanation that "I don't know what his name is." Most disturbing are the prosecutor's repeated attempts to cross-examine the defendant about alleged prior immoral acts which were very similar to the crime charged, without having obtained an advance ruling from the trial court, when the prosecutor had every reason to know that the probability of the court properly declining to permit such testimony was extremely high (cf. *People v Ventimiglia,* 52 NY2d 350, 361-362). The theory of the People's case was that while defendant was being chased at night by two police officers, he had turned and pointed a .38 revolver at them. The defense, as testified to by defendant, was that defendant had not possessed a gun. Before trial, in response to defendant's *Sandoval* motion, the court had prohibited the prosecutor from inquiring into the alleged events underlying other arrests of defendant for unlawful use of guns, in part because of the similiarity of those events to the charge being tried (see *People v Davis,* 44 NY2d 269, 276). However, defendant had not sought a pretrial ruling with respect to any alleged immoral acts which had not resulted in an arrest or conviction. Of course, this did not result in a waiver of defendant's right to object to such questioning at trial (see *People v Davis, supra,* p 276, n 3; *People v Alamo,* 63 AD2d 6, 8-9); however, the prosecutor apparently recognizing no hindrance to his doing so except an express order to the contrary, asked defendant, among other things, whether "in late September" he had not offered four named individuals $300 and a quantity of firearms to kill another named individual, whether defendant had not had a 357 Magnum "on the night of September 27", and whether defendant did not, in fact, keep "a quantity of firearms" in the door to his stove at a specified address. As the prosecutor should have expected, timely objections to the first and third questions were sustained, as was an apparently belated objection to the second. Although defendant's objections were thus sustained, the prejudicial effect of this improper questioning is apparent (see *People v Alamo, supra,* p 9). The prosecutor's improper conduct continued in his summation, which was unnecessarily inflammatory. It included the following episode in which the prosecutor's irrelevant and prejudicial comment was continued in apparent disregard of the trial court's ruling: "[THE PROSECUTOR]: * * * And you know, I submit, that had the defendant pulled the trigger that night this case would be an attempted murder — [DEFENSE COUNSEL]: Objection. THE COURT: Please stop that. [THE PROSECUTOR]: — or worse. THE COURT: Stop that. The jury will disregard this inflammatory statement made by the District Attorney." Thus, as this court said in *People v Mejias* (72 AD2d 570, 571): "Although objections were often sustained and curative instructions were ofttimes given, the totality of

the circumstances indicates that defendant was deprived of [his] basic right to a fair trial. Accordingly, a new trial is necessary." Finally, we direct that, before the new trial, a hearing be held on the issue of whether the postarrest statements made by defendant to Federal Agent Napoli should be suppressed. According to the People's own witnesses, after the defendant was arrested during the evening of December 6, 1977, as a result of an incident that had begun at about 6:00 P.M. that evening, one of the arresting officers telephoned the Federal Alcohol, Tobacco and Firearms Division. The following morning that officer met Napoli, an agent of the division, at the Criminal Court. The officer then accompanied Agent Napoli to the detention center in the basement of the courthouse and introduced him to defendant, who was awaiting arraignment. After Napoli gave defendant the *Miranda* warnings, defendant made inculpatory statements without an attorney being present. According to Agent Napoli, he had arrived at the courthouse at around 9:30 or 10:00 A.M. According to the officer who had met him there, Agent Napoli had not arrived until 11:00 A.M. or noon. As far as that officer knew, although he did not attend defendant's arraignment, defendant had not been arraigned as of the time the officer left the courthouse at 1:50 P.M. Under these circumstances, inquiry is required into whether defendant's statements to Agent Napoli should be suppressed as made either after a felony complaint had been filed against him (see *People v Samuels,* 49 NY2d 218) or after untoward delay in the arraignment process (see CPL 140.20, subd 1; *People v Settles,* 46 NY2d 154, 162; *People v Veitch,* 26 AD2d 764; *People v Wynn,* 102 Misc 2d 785). We have examined defendant's remaining contentions and find them to be without merit. Damiani, J. P., Lazer, Gulotta and Margett, JJ., concur.