■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS M. TORPEY, Appellant. — Judgment affirmed. Memorandum: The Trial Judge has broad discretion in ruling upon challenges of prospective jurors for cause (*People v Genovese,* 10 NY2d 478). Here, the Trial Judge did not abuse his discretion in determining that the challenged prospective jurors did not have a state of mind likely to preclude them from rendering an impartial verdict based upon the evidence adduced at the trial (see CPL 270.20). The fact that Mrs. Raleigh and the other jurors read newspaper accounts that reflected seriously upon the defendant and his conduct did not disqualify them (see

*People v Genovese, supra,* p 481). Here, unlike the other cases in which it was held to be error to refuse to excuse prospective jurors, for cause, none of the prospective jurors, due to pretrial publicity, had formed any opinions as to the guilt of the defendant (see *People v Culhane,* 33 NY2d 90; *People v Moorer,* 77 AD2d 575), nor had they exhibited any strong racial bias (see *People v Blyden,* 55 NY2d 73). Mrs. Raleigh expressly stated that the matters she had heard about the defendant did not involve the "charge he is being charged for." She also indicated she could be fair in this case. ¶ The conspiracy between the defendant and other was established by independent evidence. Thus, the statements of the coconspirators were properly received against defendant. ¶ We have examined defendant's other claims of error and we find them without merit. ¶ All concur, except Green, J., who dissents and votes to reverse and grant a new trial in the following memorandum.

Green, J. (dissenting). Respectfully, I dissent. The judgment should be reversed because the trial court erred in denying defendant's challenge of the juror Raleigh for cause (see CPL 270.20, subd 2; *People v Provenzano,* 50 NY2d 420). ¶ During *voir dire* the prospective juror, married to an investigator for the Monroe County Sheriff's Department, acknowledged that she had heard the defendant's name used in connection with the "mafia." She was then asked: "Q. Based on what your husband may have said have you reached an opinion? When he [husband] has told you these things over the years, did you reach an opinion one way or the other as to the kind of person Mr. Torpey was, his reputation? A. I think probably to a certain degree, yes. Q. Would that be a negative opinion of him? A. Probably yes." The juror was later asked: "Q. You have also heard that he might be a hit man? A. Right. Q. He has a couple big strikes against him? A. Yes, sir. Q. Now, it wouldn't be fair to have someone with your frame of mind sitting in judgment of him? A. Probably not." ¶ A challenge for cause must be sustained if a prospective juror "has a state of mind that is *likely* to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20, subd 1, par [b]; emphasis added). Thus, the area is one in which the trial court must deal with probabilities. Here, the juror admitted that she could "[p]robably not" be fair in judging the defendant. Although she later contradicted herself and stated "I think I would be fair," such "[a] hollow incantation, made without assurance or certitude, is not enough" (*People v Blyden,* 55 NY2d 73, 78). The fact that the source of the juror's bias may have been newspaper accounts of a prior trial in which defendant was convicted of murder, rather than discussions with her husband, is irrelevant (see *People v Culhane,* 33 NY2d 90, 97-98). ¶ Given the fundamental importance of the defendant's right to be tried by a fair and impartial jury (see *People v McQuade,* 110 NY 284, 300), the trial court should have granted defendant's challenge for cause. It is important to recall some observations of the Court of Appeals. "[T]he trial court should lean toward disqualifying a prospective juror of dubious impartiality, rather than testing the bounds of discretion by permitting such a juror to serve. It is precisely this reason that so many veniremen are made available for jury service. Nothing is more basic to the criminal process than the right of an accused to a trial by an impartial jury. The presumption of innocence, the prosecutor's heavy burden of proving guilt beyond a reasonable doubt, and other protections afforded the accused at trial, are of little value unless those who are called to decide the defendant's guilt or innocence are free of bias" (*People v Branch,* 46 NY2d 645, 651-652). "Even if a juror is wrongly but not arbitrarily excused, the worst the court will have done in most cases is to have replaced one impartial juror with another impartial juror" (*People v Culhane,* 33 NY2d 90, 108, n 3, *supra*). ¶ Accordingly, the judgment of conviction should be reversed and a new trial

granted. (Appeal from judgment of Monroe County Court, Celli, J. — coercion, first degree, and other charges.) Present — Dillon, P. J., Denman, Boomer, Green and Schnepp, JJ.