■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER IRVING CRANDALL, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered February 9, 1984, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant was indicted for selling cocaine, a controlled substance, to an undercover State trooper on September 26, 1983. Prior to trial in January, 1984, on a *Sandoval* hearing, the trial court held that defendant's two prior convictions, based upon false statements made in 1971 and cheating by false pretenses in 1970, could be used for cross-examination purposes if defendant testified. The court also ruled at that time that evidence of uncharged sales of controlled substances would be admitted only if the defense first opened the door to their admission.

The prosecution, on its direct case, introduced evidence of uncharged cocaine sales made before and after September 26, 1983 by defendant to the undercover trooper. The trial court ruled this evidence admissible because it was inextricably interwoven with the facts of the crime charged. The trial court also permitted testimony through the trooper of a later sale on September 26, 1983 to explain the payment of $300 by the trooper to defendant. On recall, the trooper was also allowed to describe a prior sale by defendant on September 16, 1983 in the bathroom of an attorney's office, since the defense had opened the door on its cross-examination of the trooper as to whether he had snorted or simulated snorting cocaine on that date.

Defendant testified and he denied ever selling any drugs to the undercover trooper. He admitted that he had known the trooper and had picked up a pool cover from him on the Thruway on September 26, 1983 and that he had been an informant for the trooper until the trooper argued with him for taping their conversation. He claimed that the State Police were, in effect, framing him. After this testimony, the prosecution was permitted, on rebuttal, to present evidence of prior sales during September, 1983 under the *Molineux* exception (*People v Molineux,* 168 NY 264) to rebut defendant's contention that he was "set up" by the State Police for the sale for which he was indicted.

After the jury found defendant guilty as charged, he was sentenced to an 8⅓ to 25-year term of imprisonment.

On this appeal, defendant alleges error in the admission of the uncharged crimes. We disagree. The testimony of the $300 payment, together with defendant's statement, "Here's another seven for you, that's $650.00", indicating there was a prior sale, were words and actions probative of the charge and properly admissible despite the reference to the uncharged crimes (see *People v Vails,* 43 NY2d 364). Even if the admission of uncharged crimes was improper in the circumstances of this case, the error was not reversible (see *People v Ventimiglia,* 52 NY2d 350, 361; *People v Mitchell,* 40 AD2d 117).

Evidence of the subsequent sale that accompanied the payment of the $650, mentioned above, was part and parcel of the transaction involving the charged crime and, therefore, admissible (*People v Vails, supra*). Furthermore, in view of defendant's accusation, on cross-examination of the trooper, that the trooper had snorted cocaine while in the attorney's bathroom, the proof of the uncharged sale made on that occasion was admissible by way of explanation and contradiction of the accusation. Furthermore, defendant's testimony that he was an informant for the State Police permitted uncharged crimes to be used in rebuttal thereof under the *Molineux* rule.

With respect to the uncharged crimes and defendant's prior convictions, the trial court charged the jury that it could consider the prior convictions when determining the "credence or believability" to be given defendant's testimony. No further request was made in regard to defendant's prior convictions, nor was any objection or exception taken to the instructions as given. Defendant's requested charge was directed only to the uncharged crimes. Specifically, he requested that such proof "be considered only for purposes of credibility and are [*sic*] not evidence of the crime charged". In refusing this request the court offered to charge: "Evidence of uncharged crimes are [*sic*] a part of all of the proof and go [*sic*] to rebut the claim of conspiracy and/or frameup". Some of the uncharged crimes were admitted into evidence as part and parcel of the entire transaction which involved the charged crime. Evidence of other uncharged crimes was permitted as rebuttal testimony under *People v Molineux* (168 NY 264, *supra*). It follows, therefore, that the trial court did not err in refusing defendant's request to limit the proof of all uncharged crimes to defendant's credibility. In answer to defendant's contention of conspiracy and frame-up and defendant's testimony that he was an informant of the State Police, the proof of uncharged crimes was proper rebuttal, as the

trial court stated. Although the instructions given by the court were not precise in their limitation, they were basically adequate and not erroneous.

We have further considered the trial court's charge concerning interested witnesses and find it was not so imbalanced or unfair as to constitute reversible error. The other trial errors alleged by defendant have been considered and found inconsequential.

In regard to the sentence, however, we find that the trial court did mention defendant's uncharged crimes at the time of its imposition. Although it does not appear what weight or consideration, if any, the court gave to these charges on which defendant was not convicted, we are of the opinion that, in the interest of justice, the matter should be remitted to the trial court for resentencing.

Judgment modified, as a matter of discretion in the interest of justice, by vacating the sentence, matter remitted to the County Court of Albany County for resentencing, and, as so modified, affirmed. Main, J. P., Casey, Yesawich, Jr., and Harvey, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. In my view the trial court's instructions to the jury concerning the purpose for which evidence of uncharged crimes and prior convictions was received were inadequate. This error requires reversal and a remittal to County Court for a new trial. Defendant sufficiently preserved this error for review. Defense counsel excepted to the charge and requested the court to charge that "[e]vidence of uncharged crimes may be considered only for purposes of credibility and are [sic] not evidence of the crime charged". In refusing this request, the trial court countered with an offer to charge that "[e]vidence of uncharged crimes are [sic] a part of all of the proof and go [sic] to rebut the claim of conspiracy and/or frameup".

Prior convictions and uncharged crimes are generally only admissible to impeach a defendant's credibility and proper limiting instructions must be given the jury, describing the purpose for which the evidence is received (*People v Beam,* 57 NY2d 241, 250; *People v Ricchiuti,* 93 AD2d 842, 845; *People v Moorer,* 77 AD2d 575, 577; *People v Reyes,* 64 AD2d 657, 658). This was not done here. The charge offered by the trial court lacked balance and was clearly insufficient to guide the jury. This error deprived defendant of a fair trial.

In my view, the trial court also committed reversible error when it charged the jury that defendant was an interested

witness but refused to charge that the prosecution witnesses were also interested. Although the trial court directed the jury generally to consider the bias, interest and prejudice of all witnesses, its failure to address the interest of prosecution witnesses while emphasizing that of defendant, in view of the request to so charge, was erroneous.