■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVANNA ACCOLLA, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Edelstein, J.), rendered December 20, 1984, convicting her of attempted grand larceny in the second degree and criminal possession of a forged instrument in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant maintains that several errors committed by the trial court denied her a fair trial. We disagree. The trial court did not err in allowing the People to present their rebuttal evidence, as this evidence, in addition to corroborating the People's evidence and contradicting the defendant's witnesses, served to deny an affirmative fact which the defendant had endeavored to prove *(see, People v Harris,* 57 NY2d 335, 345, *cert denied* 460 US 1047, citing *Marshall v Davies,* 78 NY 414, 420). Nor did the court err in excluding two of the defendant's bankbooks from evidence since the fact that defendant possibly had certain funds available to her did not tend to establish that she was any less likely to have committed the instant offenses. Moreover, the court's charge, which did not fully marshal the evidence, was nevertheless in complete compliance with CPL 300.10 (2) which requires that the court marshal the evidence only to the extent necessary to explain the application of the law to the facts.

While the court did err in allowing into evidence reference to the defendant's brother's convictions *(see, People v Termini,* 65 AD2d 825), the repeated curative instructions given by the trial court to the effect that the defendant's guilt could not be inferred from such evidence ameliorated any possible prejudice. Similarly, although the prosecutor made one improper comment in his summation, this was remedied by the court's prompt curative instruction. Moreover, in light of the overwhelming proof of defendant's guilt, any errors were harmless. Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.