■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL FERGUSON, Appellant.—Judgment, Supreme Court, New York County (Herbert Altman, J., at suppression hearing; Richard Andrias, J., at trial), rendered January 14, 1991, convicting defendant, after a jury trial, of two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [a]) and sentencing him to concurrent, indeterminate terms of imprisonment of from 5 to 10 years, is affirmed.

Defendant's argument on appeal that the prosecutor made herself an unsworn witness was not made below. Although defense counsel initially stated that the prosecutor had claimed defendant was left-handed, counsel's more specific argument, which the trial court accepted, was that it was not clear that all of the jurors had observed defendant taking notes with his left hand. In any event, the court's curative instruction advised the jury that the prosecutor's allusion to defendant's left-handed notetaking was improper, and directed that it be completely disregarded *(see, People v Ashwal,* 39 NY2d 105, 111).

Defendant also pursues the unpreserved claim that the court's curative instructions were confusing. Were we to consider the claim in the interest of justice, we would find that

defendant's argument rests on a misstatement that the court promptly corrected. Thus, there was no potential for prejudice to defendant. Further, the instruction alerted the jury that it was required to decide the case on the strength of the victim's identification testimony alone. Concur—Sullivan, Rosenberger, Kassal and Rubin, JJ.

Murphy, P. J., dissents in a memorandum as follows: The victim testified that he was assaulted and robbed in the Port Authority bus terminal as he reached the top of an escalator. He testified that the person who hit him had been crouching behind a low wall to the left at the top of the escalator.

In summation, the prosecutor told the jury that the complainant was "blindsided from the left," and "got hit with a left hand punch." The prosecutor then said: "[Y]ou have been here through the course of the trial and seen him sitting there. The defendant takes notes with his left hand." There was no evidence introduced during the trial indicating that defendant was, in fact, left-handed.

Despite the curative instruction given by the court, defendant was prejudiced by the statements of the prosecutor making reference to a fact not in evidence, which bolstered the prosecution's theory. The identification of defendant is subject to doubt, in light of the testimony of the police officer who interviewed the complainant shortly after the incident. The complainant allegedly told the officer that the assailant wore a gray cap and sweater. The complainant testified at trial that the jacket was brown. The complainant also acknowledged that he had consumed at least several mixed drinks containing vodka that evening, and may have "blacked out" during the robbery.

In this close case, the effect of the reference to defendant's left-handedness, which had no evidentiary basis, was to deny defendant a fair trial. Accordingly, I would reverse the judgment and order a new trial (see, People v Paperno, 54 NY2d 294, 300-301; People v Simmons, 110 AD2d 666, 667; People v Contreras, 108 AD2d 627, 629).