■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTIS HEMMINS, Appellant. [735 NYS2d 751] —Judgment, Supreme Court, New York County (William Leibovitz, J.), rendered June 15, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

Since the defense had argued that the police had conspired to frame defendant, but had not included the District Attorney's office in those allegations, it was improper for the prosecutor to argue in summation that in order to convict defendant the jury would have to believe this prosecution constituted a conspiracy involving the District Attorney's office (*see, People v Carter*, 40 NY2d 933; *People v Dennis*, 62 AD2d 1022). Nevertheless, these isolated comments were not part of a pattern of misconduct and did not deprive defendant of a fair trial (*see, People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884). We note that the evidence of defendant's guilt, featuring the recovery of prerecorded buy money from defendant, was overwhelming.

The court's *Sandoval* ruling, permitting inquiry into defendant's prior drug sale, was a proper exercise of discretion as this prior sale, although similar to the crime charged, demonstrated defendant's willingness to place his own interests above those of society (*see, People v Walker*, 83 NY2d 455, 458-459; *People v Mattiace*, 77 NY2d 269, 275-276; *People v Pavao*, 59 NY2d 282, 292).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Williams, Andrias, Saxe and Friedman, JJ.