People v McCallum (2018 NY Slip Op 04898)





People v Mccallum


2018 NY Slip Op 04898


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND WINSLOW, JJ.


780 KA 16-01982

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH A. MCCALLUM, DEFENDANT-APPELLANT. 






DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered May 4, 2016. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree, robbery in the second degree and possession of burglar's tools. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, count four of the indictment is dismissed and a new trial is granted on counts one and three of the indictment.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of burglary in the third degree (Penal Law § 140.20), robbery in the second degree (§ 160.10 [1]), and possession of burglar's tools (§ 140.35), defendant contends that the conviction with respect to the latter count is not supported by legally sufficient evidence, and that the verdict with respect to that count is against the weight of the evidence. Although the People do not address defendant's challenge to the sufficiency of the evidence in their brief, we note that they concede that the verdict with respect to that count is against the weight of the evidence. We conclude that the conviction of possession of burglar's tools is not supported by legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]), and we therefore reverse that part of the judgment and dismiss the fourth count of the indictment.
Defendant further contends that he was deprived of effective assistance of counsel by several actions or failures to act on the part of his attorney, including diminishing the burden of proof, allowing improper considerations to be placed before the jury during voir dire and summation, and failing to object to the court's instructions to the jury. It is well settled that, in order " [t]o prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations' for defense counsel's allegedly deficient conduct" (People v Atkins, 107 AD3d 1465, 1465 [4th Dept 2013], lv denied 21 NY3d 1040 [2013]). In addition, "a court must consider whether defense counsel's actions at trial constituted egregious and prejudicial error such that defendant did not receive a fair trial" (People v Oathout, 21 NY3d 127, 131 [2013] [internal quotation marks omitted]). Here, we agree with defendant that certain actions by his attorney deprived him of a fair trial, and we therefore reverse the judgment of conviction and grant a new trial on counts one and three of the indictment.
Defense counsel repeatedly stated to the jury during voir dire that the trial was to be "a search for the truth." It is settled that a "prosecutor's characterization of [a] trial as a search for the truth' [is] indeed improper" (People v Ward, 107 AD3d 1605, 1606 [4th Dept 2013], lv denied 21 NY3d 1078 [2013]), inasmuch as it is a way of "proposing that the jury might convict even in the absence of proof beyond a reasonable doubt so long as the jury concluded that its verdict represented the truth" (People v Rivera, 116 AD2d 371, 375-376 [1st Dept 1986]). Here, by making that statement to the jury during voir dire then repeating it at least three times during [*2]summation, defense counsel improperly diminished the People's burden of proof.
Furthermore, it is also well settled that, when a defendant testifies and is cross-examined regarding his prior convictions, he or she is entitled to have the court "charge the jury that such prior convictions could only be used in evaluating defendant's credibility, and that they could not be used as evidence of defendant's guilt" (People v Moorer, 77 AD2d 575, 577 [2d Dept 1980]). Here, counsel requested such a charge, the prosecutor conceded that the charge should be given, and the court agreed to give it. Nevertheless, the court's instructions indicated that the jury may rely upon evidence of a previous conviction in evaluating the credibility of the witnesses, including defendant, but the court did not instruct the jury that they may not consider the prior conviction as evidence of defendant's guilt. Defense counsel did not object or otherwise bring the omission to the court's attention. Inasmuch as defense counsel had already asked for the instruction and the court had agreed to give it, we perceive no possible strategic or other valid reason for defense counsel's failure to act (cf. People v DeCapua, 151 AD3d 1746, 1748 [4th Dept 2017], lv denied 29 NY3d 1125 [2017]) and, inasmuch as the evidence of guilt is not overwhelming, the error cannot be deemed harmless (cf. People v McFadden, 39 AD3d 1211, 1212 [4th Dept 2007], lv denied 9 NY3d 867 [2007]). Furthermore, defense counsel exacerbated the harmful impact of defendant's prior convictions during the cross-examination of the People's fingerprint expert by eliciting evidence that gave the impression that defendant had 10 or more prior arrests and/or convictions. When coupled with the failure to obtain the requisite limiting instruction concerning the appropriate use of prior convictions and the comments that diminished the prosecution's burden of proof, defense counsel's actions deprived defendant of a fair trial.
Defendant's remaining contentions are academic in light of our determination.
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court