■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN PETTIFORD, Appellant.—Judgment, Supreme Court, Bronx County, rendered April 4, 1974, convicting defendant, after a nonjury trial, *inter alia,* of robbery in the first degree (five counts), grand larceny in the third degree,

and possession of a weapon as a felony and misdemeanor, unanimously modified, on the law, to the extent of reversing the conviction on the grand larceny, third degree count, vacating the sentence imposed thereon and dismissing that count of the indictment and, as so modified, the judgment is affirmed. The District Attorney concedes that under the circumstances of this case, the count of grand larceny in the third degree was a lesser included concurrent count to robbery in the first degree. Study of the record discloses that the trial court did not err in accepting the waiver of a jury trial after denying motions to disqualify itself and relieve assigned counsel. Patently, the waiver was knowingly and voluntarily entered into by defendant. It is also evident that the trial court properly refused to relieve defendant's third assigned counsel, since an indigent defendant is entitled to competent counsel and not counsel of his own choosing *(People v Grapshi,* 24 NY2d 849; *People v Brabson,* 9 NY2d 173, 180–181). There is no showing that defense counsel's representation was perfunctory, ineffectual or a sham. Indeed, it appears that defense counsel vigorously cross-examined witnesses and presented a competent summation. The remaining contentions advanced by defendant have been examined and found to be without merit. Concur—Markewich, J. P., Kupferman, Lupiano, Birns and Capozzoli, JJ.