■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE JACKSON, Appellant.—Appeal from a judgment of the County Court of Tompkins County, rendered December 15, 1976, convicting defendant on his plea of guilty of attempted coercion in the first degree. The defendant was indicted on October 30, 1975 for attempted rape in the first degree and two counts of sexual abuse in the first degree, all charges involving victims under 11 years of age. He entered the plea in issue herein on July 9, 1976, on the eve of trial. On December 15, 1976 he was sentenced to a term of imprisonment of not more than four nor less than two years. On his appeal he makes three claims, all of which are without merit. Contrary to the assertions contained in defendant's first argument, based largely upon statements taken out of context from the minutes of the sentencing hearing, it is apparent that the plea was made knowingly, voluntarily and intelli-

gently, with a full appreciation of the consequences. The trial court carefully apprised the defendant of all possible ramifications of the plea and questioned him as to his understanding of each statement as to which there was any chance of confusion. The defendant's present counsel argues that his client has above-average intelligence, a claim supported by the record. In addition, with prior convictions for various crimes including assaults and sexual offenses involving young girls, defendant was experienced with criminal proceedings. His attorney was experienced and took an active part in the plea and sentencing proceedings and, under all of these circumstances, it is clear that the court did not abuse its discretion in accepting defendant's plea *(People v Friedman,* 39 NY2d 463; *People v Nixon,* 21 NY2d 338). Defendant's claim that he was denied effective assistance of counsel is largely based upon his expressed desire to hire an attorney of his own choosing rather than the attorney assigned by the court. He failed, however, in the many months between his arraignment on January 23, 1976, and the date of his plea to secure his own attorney. The apparent reason was a lack of funds. Under such circumstances, it is well-established that a defendant is entitled to competent counsel, but not to counsel of his own choosing. "It is an age-old rule * * * that, as long as assigned counsel are men of ability and integrity, the discretion and responsibility for their selection rest with the court, to be exercised free of outside interference" *(People v Brabson,* 9 NY2d 173, 180–181; see, also, *People v Pettiford,* 51 AD2d 927). There is no evidence that defendant's assigned attorney, described by the Trial Judge as one of the most competent in his county, handled this case in any way other than a competent and professional manner. In view of the defendant's record, we are inclined to agree with the People that the sentence imposed was lenient, not harsh and excessive as claimed by the defendant. There was certainly no clear abuse of discretion so as to warrant any interference by this court *(People v Dittmar,* 41 AD2d 788). Judgment affirmed. Mahoney, P. J., Kane, Main, Larkin and Herlihy, JJ., concur.