THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MACK BARNES, Also Known as MACK BOWE, Also Known as MACK BONDS, Appel-

lant.—Appeal by defendant from two judgments of the Supreme Court, Kings County, both rendered January 17, 1978, convicting him of three counts of robbery in the second degree (two counts under Indictment No. 2634/77 and one count under Indictment No. 2724/77), upon a jury verdict, and imposing sentence. Judgments reversed, as a matter of discretion in the interest of justice, and case remitted to Criminal Term for further proceedings consistent herewith. As the District Attorney concedes with commendable candor, reversal is required because of the inadequacy of defendant's representation at trial. The record reveals that the defense attorney: (1) had the two instant indictments joined for trial, even though each was predicated upon an identification of defendant by a single eyewitness; (2) failed to seek a pretrial *Wade* hearing (see *United States v Wade,* 388 US 218; CPL 255.10, subd 1, par [f]; 710.20, subd 5), although identification was the primary issue in each case; (3) brought out on cross-examination prior, totally proper, photographic identifications of the defendant by each of the complaining witnesses, which could not have been elicited on the People's case (see *People v Christman,* 23 NY2d 429); (4) failed to object to improper bolstering testimony by a witness for the People (see *People v Trowbridge,* 305 NY 471); and (5) entered into a stipulation that another witness, if called upon to testify, would provide additional, bolstering testimony concerning an out-of-court identification of the defendant. This extensive, but by no means exhaustive, list of the trial defense attorney's blunders, demonstrates unequivocally that defendant did not receive a fair trial (see *People v Sarmiento,* 40 AD2d 562). Lazer, J. P., Rabin, Shapiro and Margett, JJ., concur.