■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENE FIGUEROA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Potoker, J.), rendered March 28, 1979, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict,

and imposing sentence. Judgment reversed, on the law, and new trial ordered. Reversal is required because of the inadequacy of defendant's representation at trial. The record reveals that the defense attorney: (1) failed to seek a pretrial *Wade* hearing, although identification was the primary issue in the case; (2) waived his client's Sixth Amendment right to a public trial on the bare assertions of the prosecutor that the undercover officer was still active; (3) failed to make appropriate objections and demonstrated ignorance of basic principles of criminal law and procedure; (4) elicited prejudicial testimony during the presentation of his defense, to wit, that nine packets containing a white substance were found beside defendant at the time of his arrest, evidence which could not have been elicited on the People's case; (5) compounded his error on summation by inviting the jury to draw the inevitable inference that the white powder was a narcotic substance; (6) presented a defense which, at best, was internally contradictory; (7) waived an opening statement; (8) delivered a largely irrelevant and incoherent summation; and (9) made no statement on behalf of defendant at sentencing. This extensive, but by no means exhaustive, list of the trial defense attorney's blunders demonstrates unequivocally that defendant did not receive a fair trial (see *People v Barnes,* 70 AD2d 882). Damiani, J. P., Titone, Gibbons and Weinstein, JJ., concur.