■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ANGELLILO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Canudo, J.), rendered December 18, 1980, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Defendant has a history of mental illness which dates back to 1976. He suffers from a psychosis that can only be controlled through the use of strong tranquilizers. The illness can flare up at any time when he goes without this medication. Prior to trial, a sanity hearing was held and defendant was found incompetent to stand trial. At this hearing defendant testified that he heard voices on the night of the robbery and that these voices drove him to commit the crime. More than 11 months later, a second sanity hearing was held and at this hearing defendant was found competent to stand trial. At this second sanity hearing and at the trial, defendant's attorney repeatedly requested an adjournment because he hadn't looked at the case in months and hadn't had any chance to talk with his

client. This request was denied. Thereafter, defendant's attorney failed to make an opening statement, failed to raise the defense of insanity, failed to call any witnesses and failed to prepare any defense. Defense "counsel's failure to prepare the defense was so egregious as to render a verdict of guilt inevitable and thereby deny the appellant a fair trial" (*People v Bennett,* 29 NY2d 462, 467, n 2). It is unquestionable that full and careful preparation of the case for the defense was justified. Yet, the record persuasively demonstrates that counsel was so completely unprepared and unfamiliar with either the facts or the law bearing on defendant's case as to doom the defense to failure (see *People v Bennett, supra,* p 465). We note that this is not a case where defense counsel, after careful analysis of the facts, concluded that the best tactical approach would be to ignore the insanity defense. In fact, at defendant's sentencing, his attorney stated that he would have presented the defense of insanity had he been given the adjournment that he had requested. As a result of the foregoing, we must conclude that defendant was not afforded "meaningful representation" in light of "the evidence, the law and the circumstances of [this] particular case, viewed in totality and as of the time of the representation" (*People v Baldi,* 54 NY2d 137, 147). As a result he was denied the right to effective assistance of counsel as guaranteed by both the Federal and State Constitutions and there must be a new trial (*People v Baldi, supra,* p 146). Mollen, P. J., Gulotta, Brown and Boyers, JJ., concur.