■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BUTLER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Beldock, J.), rendered June 26, 1981, convicting him of burglary in the second degree, possession of burglar's tools, and criminal possession of stolen property in the third degree, after a nonjury trial, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Defendant was denied the effective assistance of counsel. "[T]he right to effective representation includes the right to assistance by an attorney * * * who is familiar with, and able to employ at trial basic principles of criminal law and procedure" (*People v Droz*, 39 NY2d 457, 462). Defense counsel was admittedly ignorant of the applicable criminal law since he admitted that he did not know that burglary in the second degree is a violent felony offense and that incarceration is mandatory for one convicted of it. Since he did not know these basic principles, he could not effectively counsel defendant as to whether it was in defendant's best interest to accept the plea to a lesser felony offense which was offered by the prosecutor. In addition to his inability to give his client even the minimum of effective advice, defendant's attorney was not prepared for trial. He did not obtain the police reports and did not prepare a particular person to testify even though he called him as a witness. Although defendant attempted to explain his presence near the burglarized house by explaining that he had become lost looking for his brother-in-law's house, defense counsel did not know where the brother-in-law lived until defendant gave the address when he was on the stand. Furthermore, defendant's counsel, who had not handled a criminal case for 13 years, was generally unfamiliar with procedures in a criminal trial. He failed to make any motions during the trial, failed to cross-examine the arresting officer as to his alleged expertise concerning burglar's tools, and failed to highlight the fact that the officer never saw defendant use the tools to enter the residence. He had difficulty in laying a proper foundation for the introduction of the testimony of a character witness and when the prosecutor offered into evidence the coat allegedly stolen from complainant, defense counsel stated that he had no objection, even though the prosecutor had not connected the coat to the defendant. Even after the court suggested that the prosecutor withdraw the coat until it could be connected to defendant, defense counsel stated that he would accept it into evidence. Since defendant did not receive effective assistance of counsel, the judgment of conviction must be reversed and a new trial ordered. Lazer, J. P., Gibbons, Weinstein and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED CUTOLA, Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Sharpe, J.), imposed March 5, 1981, upon his conviction of the unauthorized use of a vehicle as a misdemeanor, upon his plea of guilty, the sentence being a definite prison term of one year. Sentence modified, as matter of discretion in the interest of justice, by reducing it to a period of probation of three years. As so modified, sentence affirmed and case remitted to the Supreme Court, Queens County, to fix the terms and conditions of probation and for further proceedings pursuant to CPL 460.50 (subd 5). The sentence was excessive to the extent indicated herein. Thompson, J. P., Gulotta, Bracken and Niehoff, JJ., concur.