■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MOORE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Hentel, J.), rendered July 8, 1981, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. ¶ Judgment reversed, on the law, and new trial ordered. ¶ Defendant Moore was indicted for one count of criminal sale of a controlled substance in the third degree and was jointly tried with a codefendant, Susan Harper, who was also being tried under a separate indictment charging her with four additional sales of controlled substances. Both defendants were represented by the same lawyer. On appeal defendant raises a litany of errors committed by counsel and contends that he was deprived of the effective assistance of counsel. We agree. ¶ The right to effective representation is measured by whether, upon the totality of the circumstances, the attorney provided meaningful representation (*People v Baldi,* 54 NY2d 137, 147). Here, trial counsel demonstrated an ignorance of basic principles of criminal law and procedure (see *People v Droz,* 39 NY2d 457, 462) and his multitude of failures demonstrate unequivocally that defendant was deprived of a fair trial (*People v Figueroa,* 83 AD2d 564). Significantly, counsel failed to move for a severance to protect defendant from the prejudice of the admission in evidence of prior criminal sales which would otherwise be inadmissible against his client (see *People v Baum,* 64 AD2d 655), an error which was compounded by counsel's serious conflict of interest in representing both defendants. Although the facts of the case may have warranted it, he failed to seek either a *Wade* or a *Mapp* hearing (see *People v Sanin,* 84 AD2d 681) or to make a *Sandoval* motion (see *People v Peterson,* 97 AD2d 967) or any other pretrial motion (see *People v Butler,* 94 AD2d 726). Furthermore, he delivered a largely irrelevant and

incoherent opening and summation (*People v Figueora, supra,* p 565), failed to object to prejudicial testimony elicited from the prosecution's witnesses and unnecessarily developed adverse information on cross-examination (see *People v Schelling,* 92 AD2d 694). This extensive, but by no means exhaustive, list of the lawyer's errors compels the conclusion that defendant was not afforded effective assistance of counsel. ¶ Accordingly, there should be a reversal and a new trial. Titone, J. P., Lazer, Thompson and O'Connor, JJ., concur.