■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONTIST WAGNER, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Stark, J.), rendered September 27, 1977, convicting him of robbery in the first degree (four counts), upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered. No questions of fact have been raised or considered.

Defendant contends on this appeal, *inter alia,* that a litany of errors committed by counsel had the effect of depriving him of the effective assistance of counsel. We agree.

As we recently stated, "[t]he right to effective representation is measured by whether, upon the totality of the circumstances, the attorney provided meaningful representation (*People v Baldi,* 54 NY2d 137, 147)" (*People v Moore,* 102 AD2d 898). In another recent decision, the Supreme Court enunciated that to sustain a convicted defendant's claim that ineffective assistance requires reversal of his conviction, a showing of a deficient performance by counsel as well as a demonstration that such performance resulted in prejudice is required. This latter prong of the test "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable" (*Strickland v Washington,* 466 US __, __, 104 S Ct 2052, 2064).

Here the representation was neither meaningful nor adequate and defendant has shown "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (*Strickland v Washington,* 466 US __, __, 104 S Ct 2052, 2068, *supra*). Although the Sixth Amendment does not require errorless counsel (*People v LaBree,* 34 NY2d 257, 260-261), there were so many errors, omissions and prejudicial remarks made before the jury that the representation was not of an assistive nature.

Initially, we note that counsel, who, according to the parties recently passed away, did not act with sufficient zeal or competency prior to trial. Counsel did move for certain omnibus relief, including dismissal of a prior indictment against defendant and two others, which resulted in an order dismissing that indictment because insufficient evidence had been presented to the Grand Jury with respect to defendant. The order, dated September 30, 1976 (Tanenbaum, J.), permitted the People to re-present their case against defendant.

A new indictment was ultimately issued only as to this defendant. Counsel, however, did not move for the court to inspect the new Grand Jury minutes and determine their sufficiency. Although the court (Stark, J.) *sua sponte* examined the minutes and determined that they were sufficient, defendant persuasively argues on appeal that his former counsel should have defended Justice Tanenbaum's decision before Justice Stark and also should have insisted that the latter inspect both sets of Grand Jury minutes to establish whether there was any significant new testimony which substantially differed from that presented to the first Grand Jury. Had such a comparison been made, it is possible that the case might never have reached this court.

The next omission on counsel's part was his failure to request a *Mapp* hearing (see *Mapp v Ohio,* 367 US 643) despite indications that the facts may well have warranted such a hearing. While we do not mean to suggest, on the basis of the record before us, that a motion to suppress physical evidence would have been successful, the motion should have been made (cf. *People v Detling,* 73 AD2d 937). Although the mere fact that counsel does not engage in some pretrial procedures available to defendant does not, in and of itself, indicate ineffective assistance of counsel (*People v Bonk,* 83 AD2d 695), this was only one of a multitude of omissions on counsel's part.

Another significant pretrial deficiency involved selection of the jury. Counsel did not challenge any prospective juror, either peremptorily or for cause. Defendant now persuasively argues in

his brief that the jury which counsel allowed to consider the case against defendant resembled "a miniature police force", in that 9 of the 12 jurors had friends or relatives on various police forces, and one juror had two sons who were police officers, one of whom was a highway patrol officer. In a case such as this, where it was implied by a police witness that defendant, or someone else in a fleeing car in which defendant was found, fired a weapon at the police, his attorney should have challenged peremptorily some or all of such jurors (see *People v Johnson,* 89 AD2d 506).

It is also apparent from a review of the trial transcript that counsel displayed a forgetfulness of basic principles of criminal law and procedure (*People v Droz,* 39 NY2d 457, 462). His opening statement was essentially irrelevant and incoherent (*People v Figueroa,* 83 AD2d 564, 565); the summation barely made clear the nature of the defense (cf. *People v Jones,* 55 NY2d 771, 773) and was not of an assistive nature (*People v LaBree, supra*) nor was it competent (cf. *People v Pettiford,* 51 AD2d 927).

On two occasions when counsel was handed *Rosario* (*People v Rosario,* 9 NY2d 286, cert den 368 US 866) material, at the conclusion of the direct examination of prosecution witnesses, counsel apparently did not understand the reason he was given such material, objecting that the material could not be offered in evidence. The court undertook to explain to counsel that the material was given pursuant to *People v Rosario* (*supra*).

Counsel displayed great confusion about names, places and dates. On several occasions, he confused the location of a lineup, confused the defendant's car with a pursuing police officer's car, and he did not grasp the testimony of the police officers as manifested by his confusing the details as to the location of the arrest. During defendant's direct testimony, counsel misidentified both the location of the crime scene and the date of the occurrence.

Although he attempted to present an alibi defense, counsel failed to also attempt to impeach two of the three prosecution witnesses who identified defendant at trial as one of the robbers. These witnesses had offered prior testimony which was significantly at odds with their trial testimony; these discrepancies could have been artfully used on cross-examination to cast doubt on the witnesses' credibility. While it is true that an attorney's trial strategy will not be second-guessed by hindsight (*People v Aiken,* 45 NY2d 394, 399), it appears clear that counsel might well have better focused on the identification issue in addition to the alibi defense, especially as we find the alibi testimony was not particularly compelling.

Among counsel's other derelictions were his failure to object to hearsay testimony which connected defendant with the robbery, and his failure to object to inadmissible bolstering testimony. He made an incoherent argument for dismissal at the close of the People's case, and waited until the eve of defendant's testimony before seeking a *Sandoval (People v Sandoval,* 34 NY2d 371) hearing. It is also apparent that counsel may well not have adequately informed defendant as to his rights under *Sandoval* and that he misunderstood defendant's attempt to preclude cross-examination as to a prior conviction of attempted robbery. Furthermore, even though the court permitted impeachment as to defendant's three prior convictions, and defendant still chose to testify, counsel did not grasp the court's hints that it would be better to have defendant admit his prior convictions on direct examination. On cross-examination, the prosecutor made defendant's criminal record the first topic of inquiry, thus severely undermining his credibility in the eyes of the jury.

Counsel subsequently displayed total confusion with respect to his request to charge, and demonstrated his ineffectiveness by asking for a supplemental instruction, after the court had charged the jury, that "the Defendant is presumed to be innocent beyond a reasonable doubt". The court then had to clarify counsel's misunderstanding as to the burden of proof in a criminal case. Finally, at sentencing, counsel admitted that he did not know the statutory sentencing limitations applicable to his client.

The foregoing represents merely the most egregious of counsel's errors; the aforesaid list is extensive but not exhaustive, and compels the conclusion that defendant was not afforded effective assistance of counsel (*People v Moore, supra*). Accordingly, there should be a reversal and a new trial.

We have considered defendant's other contentions and find them to be without merit. Lazer, J. P., Thompson, Boyers and Lawrence, JJ., concur.