■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW KILSTEIN, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Quinones, J.), rendered August 15, 1989, convicting him of attempted rape in the first degree, burglary in the second degree and sexual abuse in the first degree under Indictment No. 7201/88, (2) a judgment of the same court, also rendered August 15, 1989, convicting him of rape in the first degree (two counts), rape in the third degree (two counts), sexual abuse in the first degree (two counts), and endangering the welfare of a child, under Indictment No. 586/89, after a joint nonjury trial of the two indictments, and imposing sentences, and (3), by permission, from an order of the Supreme Court, Kings County (Douglass, J.), dated November 20, 1989, which denied his motion pursuant to CPL 440.10 to vacate the judgments of conviction.

Ordered that the judgments are reversed, as a matter of discretion in the interest of justice, and a new trial is ordered; and it is further,

Ordered that the appeal from the order is dismissed as academic in light of the determination of the appeal from the judgments.

The defendant's contention that the evidence was legally insufficient to sustain the verdicts was not properly preserved for appellate review (see, People v Hood, 156 AD2d 468; People v Cardona, 136 AD2d 556, 557; see generally, People v Udzinski, 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the People, we find that each element of the crimes with which the defendant was charged was established beyond a reasonable doubt (see, People v Contes, 60 NY2d 620; see also, People v Ford, 66 NY2d 428, 437). Moreover, upon the exercise of our factual review power, we are satisfied that the verdicts are not against the weight of the evidence (see, CPL 470.15 [5]). We therefore decline to dismiss the indictments. A new trial is, however, required for the following reasons.

The defendant's direct and collateral challenges to the judgments of conviction are premised in part on the claimed ineffective assistance of trial counsel. Although the Supreme Court denied the defendant's collateral motion without a hearing, in this atypical case, the main record demonstrates that the defendant was in fact deprived of his constitutional right to the effective assistance of counsel (see, People v Brown, 45 NY2d 852), and, thus to his right to a fair trial.

The charges, *inter alia,* of rape and sexual abuse underlying the prosecution of the defendant are premised on three separate incidents, two of which allegedly occurred at least two years before they were reported. However, defense counsel did not move to dismiss Indictment No. 586/89, concerning the older incidents, on the ground that the dates were too vaguely described. Defense counsel also failed to oppose on substantive grounds the People's application, made only shortly before trial, to amend that indictment to reflect that one of the incidents occurred in a different year. Defense counsel also waived trial by jury and opening remarks, and, in a case depending virtually exclusively on the credibility of the complaining witness, conducted a cross-examination of her that was, at best, perfunctory. Moreover, defense counsel's summation, made only after the prosecutor prompted him to do so, contained almost no evidentiary detail and consisted of little more than the terse assertion that the "testimony does not show the guilt of this defendant is so overwhelming beyond a reasonable doubt that the court would be inclined to convict".

While some of defense counsel's omissions could arguably be considered mere losing tactics not attributable to ineffective assistance *(see, People v Baldi,* 54 NY2d 137), the circumstances of this case, viewed in their totality, reveal that the defense counsel failed to provide meaningful representation and that he was so completely unprepared and so uninterested in and unfamiliar with the details of the defendant's case "as to doom the defense to failure" *(People v Angellilo,* 91 AD2d 666, 667; *see also, People v Worthy,* 112 AD2d 454). Accordingly, we reverse the judgments and order a new trial. In light of this determination it is unnecessary to reach the remaining issues raised by the defendant. Thompson, J. P., Lawrence, Harwood and Balletta, JJ., concur.