■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD DONOVAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered October 25, 1989, convicting him of criminal possession of a controlled substance in the second degree and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant, a 26-year-old elevator mechanic with no criminal record, was arrested by the police who were responding to a radio bulletin that a black male with a gun was at the rear of a grocery store in Queens. The arresting officer, who was one of at least four officers who entered the store, but who was the only one to testify at the trial, testified that he observed the defendant standing at the rear of the store. When the officers entered the store, the defendant ran out a back door. The officer caught the defendant outside, and patted him down. Although the pat down revealed no weapon, the arresting officer allegedly seized a brown paper bag from the defendant's waistband. That bag contained one package of marihuana and 69 individually-wrapped packages of cocaine.

Prior to the trial, the People served upon the defendant, *inter alia,* a voluntary disclosure form. This form disclosed that the arresting officer seized the drugs from the defendant after "having observed a bulge on defendant's person". Notwithstanding this disclosure, at no time did the defense counsel move to suppress the drugs seized from the defendant as being the result of an illegal search and seizure. The drugs were thus received in evidence and the defendant was convicted. This appeal ensued.

The defendant argues that his conviction must be reversed because he did not receive effective assistance of trial counsel.

We agree. The standard of review applied to a claim of ineffective assistance of counsel is whether under the circumstances of the case, the defendant received meaningful representation *(see, People v Baldi,* 54 NY2d 137). The failure to move to suppress physical evidence does not per se compel a finding that the defendant received less than effective assistance of counsel *(see, People v Lockhart,* 167 AD2d 427). Rather, such a failure will only constitute ineffective assistance when the defendant establishes that no strategic or other legitimate explanation exists for counsel's failure to seek a suppression hearing *(see, People v Rivera,* 71 NY2d 705). The defendant has met this burden in this case, as we agree that the defense counsel had everything to gain and nothing to lose by making a motion for a hearing on the admissibility of the evidence *(see, People v Sinatra,* 89 AD2d 913), and it appears that the defense counsel's omission destroyed a viable defense which caused actual prejudice to the defendant *(see, People v Sullivan,* 153 AD2d 223; *People v Morris,* 100 AD2d 630, *affd* 64 NY2d 803).

Moreover, the defense counsel failed to conduct an adequate pretrial investigation. The arresting officer testified that he was responding to a radio bulletin reporting that a black man with a gun was at the rear of a store located at a specified address. The defense witnesses, however, testified that the defendant's arrest was effected inside a different store located on the opposite side of the street. The defense counsel, however, failed to dispatch an investigator to the scene of the arrest and the store across the street until after the trial had commenced. Because of his delay, he was unprepared to effectively argue before the court that the defendant was not even a subject of the radio bulletin pursuant to which the arresting officer allegedly placed him under arrest. This error is even more glaring in light of counsel's failure to seek suppression of the physical evidence recovered from the defendant since his arrest could have been predicated upon less than probable cause.

Although at least three police officers were involved in the defendant's arrest, only one officer testified at the trial and the defense counsel failed to request a missing witness charge. Given the evidentiary inconsistencies between the testimony of the defense witnesses and the one testifying police officer, the defense counsel should have requested that the court charge the jury that the People's failure to call either of the other officers involved permitted an inference that their testimony would have corroborated the testimony of the defense

witnesses (1 CJI[NY] 8.53; *see, People v Wright,* 41 NY2d 172; *People v Brown,* 34 NY2d 658). The defense counsel, however, failed to even recognize the existence of this possible remedy *(cf., People v Cruz,* 165 AD2d 205). This failure is further evidence of counsel's ineffectiveness *(see, People v Gladden,* 180 AD2d 747). The cumulative effect of these omissions by the defense counsel caused the defendant's defense to be doomed to fail *(see, People v Kilstein,* 174 AD2d 756; *People v Worthy,* 112 AD2d 454). Accordingly, a new trial is warranted in the interest of justice. Bracken, J. P., Lawrence, Eiber and Miller, JJ., concur.