■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN SCHLAGETER, Appellant. [660 NYS2d 777] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of arson in the fourth degree, two counts of assault in the first degree, assault in the second and third degrees, and two counts of reckless endangerment in the second degree. Defendant was sentenced to concurrent terms of imprisonment, the highest being $1^1/_2$ to $4^1/_2$ years. The charges arose out of a fire at 1575 Elmwood Avenue in Rochester on August 30, 1993, which resulted in injury to three occupants of the building. Defendant argues that he was denied effective assistance of counsel because counsel failed to pursue available defenses, elicited damaging testimony on cross-examination of the People's witnesses and on direct examination of defendant, failed to object to hearsay evidence, failed to make appropriate opening and closing statements, failed to obtain an expert opinion concerning the origin of the fire, failed to engage in plea negotiations, demonstrated an ignorance of the rules of evidence and of basic trial procedure, and was suspended from the practice of law by this Court 14 months after defendant's trial. Upon our review of the record, we conclude that defendant was afforded meaningful representation (see, People v Satterfield, 66 NY2d 796, 799-800).

Contrary to defendant's argument, defense counsel presented the defense of intoxication to negate the intent element of arson in the fourth degree, and County Court charged the jury on the intoxication defense at defense counsel's request (see, People v Eason, 160 AD2d 1018, 1019, lv denied 76 NY2d 787). Also contrary to defendant's argument, the testimony elicited by defense counsel on cross-examination of the People's witnesses and on direct examination of defendant did not necessarily damage defendant's case, and can be attributed to a trial

strategy (*see, People v Beaty,* 231 AD2d 909). Defense counsel conducted reasonable cross-examination and re-cross-examination, and gave adequate opening and closing statements (*cf., People v Trait,* 139 AD2d 937, 938, *lv denied* 72 NY2d 867). The failure of defense counsel to introduce expert testimony concerning the cause of the fire can be attributed to counsel's strategy of pursuing an intoxication defense (*see, People v Beaty, supra*). Counsel demonstrated a reasonable understanding of the principles of criminal law and procedure (*cf., People v Figueroa,* 83 AD2d 564, 565) and was familiar with the facts and the law bearing on defendant's case (*cf., People v Angellilo,* 91 AD2d 666, 667). The development of alternative defense theories "amounted to, at worst, a questionable tactical decision" (*People v Wicker,* 229 AD2d 602, 603). The argument of defendant that defense counsel refused to engage in plea negotiations involves a matter that is outside the record and cannot be reviewed on direct appeal (*see, People v Ghee,* 153 AD2d 954, *lv denied* 76 NY2d 735). Finally, defense counsel's suspension from the practice of law 14 months after defendant's trial based upon misconduct in unrelated matters does not constitute ineffective assistance (*see, People v Powell,* 197 AD2d 544, 545-546, *lv denied* 82 NY2d 901). (Appeal from Judgment of Monroe County Court, Marks, J.—Assault, 1st Degree.) Present—Denman, P. J., Green, Doerr, Balio and Fallon, JJ.