■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST LOGAN, Appellant. [695 NYS2d 4] —Judgment, Supreme Court, New York County (Micki Scherer, J., at suppression hearing; Ronald Zweibel, J., at jury trial and sentence), rendered February 13, 1997, convicting defendant of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years and 3½ to 7 years, respectively, unanimously reversed, on the law, and the matter remanded for a new trial.

Defendant was charged with criminal possession of a controlled substance in the third degree, under an intent to sell theory, and criminal possession of a controlled substance in the fifth degree. He testified at trial that an acquaintance of his, a taxi cab driver for whom he often did favors, had given him $150 and requested that he buy some crack. When defendant did so, he was arrested by the police. Defendant admitted possession of the drugs, but denied that he intended to sell the them.

Although the evidence at trial was sufficient to establish defendant's guilt of the charged crimes beyond a reasonable doubt, the convictions must be reversed and a new trial ordered because defendant was deprived of the effective assistance of counsel. Defendant's trial counsel lacked an understanding of two basic principles of criminal law which were crucial to a proper defense of the charges. Although the People concede that defense counsel's errors require reversal of defendant's conviction of third-degree possession, they contend that these errors did not affect the conviction of fifth-degree possession, and that said conviction may still stand.

The record reveals that defense counsel's trial strategy rested on defendant's admission to felony drug possession charges, while denying the more serious charges of possession with intent to sell. Under appropriate circumstances, this has had been viewed as an acceptable legal strategy (*see, People v Barnes*, 249 AD2d 227, 228, *lv denied* 92 NY2d 893). Here, however, defense counsel's strategy was based on an erroneous understanding of the applicable law. It became apparent dur-

ing the pre-charge conference that defense counsel was under the mistaken impression that the agency defense did not apply to the charge of possession with the intent to sell. Although the prosecutor stated that this was not true, the trial court, also mistaken, agreed with defense counsel that the defense was inapplicable. In fact, the agency defense is applicable to the charge of possession with the intent to sell, since the agent's claim that he was possessing drugs on behalf of another would, if believed, negate the intent to sell element of the crime (*see, People v Sierra*, 45 NY2d 56). Had defense counsel been aware of the availability of the defense, she could have requested a jury instruction on the agency defense and argued to the jury that any transfer by defendant was intended solely for the benefit of the cab driver, a theory supported by defendant's trial testimony. This avenue of defense was precluded by counsel's mistaken understanding of the law.

This error was compounded by defense counsel's ignorance of the statutory definition of the term "sell", and its applicability to this case (*see*, Penal Law 220.00 [1]). During jury deliberations, counsel admitted that she was unaware that the Penal Law defines the term "sell" as "to sell, exchange, give or dispose of to another, or to offer or agree to do the same." Thus, by counseling defendant to admit to obtaining drugs for the purpose of *giving* them to the cab driver, she unknowingly advised him to admit that he intended to sell the drugs. Of course, an admission of an intent to give drugs to another might have been acceptable strategy if it was incorporated into an otherwise supportable agency defense, but that did not occur here.

These errors were extremely prejudicial. In essence, counsel's errors led defendant to admit to facts establishing both of the charged crimes, and prevented the jury from considering the only means of transforming those admissions into a true defense. Defense counsel's failure to know or investigate these basic principles of criminal law deprived defendant of meaningful representation (*see, People v Baldi*, 54 NY2d 137; *People v Droz*, 39 NY2d 457, 462), and " 'doom[ed] the defense to failure' " (*People v Kilstein*, 174 AD2d 756, 757, *lv denied* 78 NY2d 1012, quoting *People v Angellilo*, 91 AD2d 666, 667).

The People argue that counsel's ineffectiveness did not extend to defendant's conviction of the fifth-degree possession charge, since the agency defense did not apply to a charge of mere possession of drugs. We disagree. Had counsel been properly versed in the applicable legal principles, she may not have counseled defendant to admit guilt of the lesser charge.

More fundamentally, counsel's ignorance made her incapable of rendering informed plea advice (*see, People v Butler*, 94 AD2d 726). In any event, a remand for a new trial on the third-degree count requires a new trial on the fifth-degree count, since both counts are factually related under the circumstances of this case. Accordingly, both convictions must be reversed and a new trial ordered. Concur—Nardelli, J. P., Tom, Mazzarelli, Lerner and Buckley, JJ.