The People of the State of New York, Respondent, v Alfredo Gonzalez, Appellant. [65 NYS3d 451]—

Judgment, Supreme Court, New York County (Marcy L. Kahn, J. at suppression hearing; Ruth Pickholz, J. at jury trial and sentencing), rendered November 6, 2014, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of 6 years, unanimously affirmed.

Defendant's ineffective assistance of counsel claims are

unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]), and we reject defendant's argument that the unexpanded record is sufficient to review these claims. Trial counsel presented a multifaceted defense, and, unlike such cases as *People v Logan* (263 AD2d 397 [1st Dept 1999]), the unexpanded record is insufficient to establish that counsel based her defense on a misunderstanding of the Penal Law definition of a "sale" of drugs. Likewise, the present record fails to establish the absence of legitimate strategic reasons for not seeking to reopen a suppression hearing (*see People v Gray*, 27 NY3d 78 [2016]).

Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case. Concur—Friedman, J.P., Gesmer, Kern and Moulton, JJ.