People v Felder (2023 NY Slip Op 04860)

People v Felder

2023 NY Slip Op 04860

Decided on September 29, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, OGDEN, GREENWOOD, AND NOWAK, JJ.

639 KA 22-00963

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
STEVEN J. FELDER, DEFENDANT-APPELLANT. 

THOMAS L. PELYCH, HORNELL, FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered April 21, 2022. The judgment convicted defendant upon a plea of guilty of attempted sexual abuse in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his guilty plea of attempted sexual abuse in the first degree (Penal Law §§ 110.00, 130.65 [1]), defendant contends that he did not receive effective assistance of counsel with respect to his guilty plea. We reject that contention. Although defense counsel admitted in an affirmation in support of defendant's motion to withdraw his guilty plea that, at the time of the plea, defense counsel was ignorant of a particular prior decision relating to the People's burden at trial on the element of forcible compulsion, the record reveals that defense counsel was aware of the basic principles of criminal law and procedure applicable to the crime and thus could effectively counsel defendant as to whether it was in defendant's best interest to accept the plea (cf. People v Butler, 94 AD2d 726, 726 [2d Dept 1983]).
We further reject defendant's contention that County Court erred in denying his motion to withdraw his guilty plea. Awareness of the particular prior decision would have provided defendant "with little or no reason to reject a favorable plea offer and go to trial" (People v Kinney, 107 AD3d 563, 564 [1st Dept 2013], lv denied 21 NY3d 1043 [2013]; see generally People v Nellons, 187 AD3d 1574, 1575-1576 [4th Dept 2020], lv denied 36 NY3d 1058 [2021]).
Entered: September 29, 2023
Ann Dillon Flynn
Clerk of the Court