People v McCollum (2024 NY Slip Op 51640(U))

[*1]

People v McCollum

2024 NY Slip Op 51640(U)

Decided on December 6, 2024

Criminal Court Of The City Of New York, New York County

Brown, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 6, 2024
Criminal Court of the City of New York, New York County

The People of the State of New York,

against
David McCollum, Defendant.

Docket No. CR-012866-24NY

Frankie Hedgepeth, Neighborhood Defender Service of Harlem
Assistant District Attorney Patrick Riley, New York County District Attorney's Office

Marva C. Brown, J.

Defendant, charged with Operating a Motor Vehicle While Intoxicated (VTL 1192[3]) and various related charges moves the Court, by omnibus motion, for various relief.
TIMELINESS
This court will first address the People's argument that the defense's motion should be denied in its entirety due to timeliness. This court is well aware that pre-trial motions, including motions to suppress, "shall be served or filed within forty-five days after arraignment and before commencement of trial" (CPL 255.20[1]), and that "[a]ny other pre-trial motion made after the forty-five day period may be summarily denied" (CPL 255.20[3]). However, this court may also "in the interest of justice, and for good cause shown, may, in its discretion, at any time before sentence, entertain and dispose of the motion on the merits" (CPL 255.20[3]).
This court finds that good cause exists to entertain defense counsel's omnibus motion in the interests of justice. The defendant is charged with operating a motor vehicle while intoxicated, and if convicted, he could face up to one year of incarceration. On the night of the defendant's arrest, police allege that they observed him drive through a steady red light without stopping. Police then conducted a car stop and observed the defendant to have watery eyes, slurred speech, odor of alcohol on his breath, a flushed face and unsteady balance. The defendant was then arrested and transported to a precinct to test his blood alcohol content, which was found to be .177. The defendant's blood alcohol content was obtained more than two hours from the time of his arrest. The defendant is also alleged to have made multiple statements to police. 
At his arraignment on May 5, 2024, the defendant was represented by an attorney from the Neighborhood Defender Service of Harlem, a public defender organization. This attorney represented the defendant up to the filing of the instant omnibus motion on October 23, 2024. The defendant's initial attorney failed to file any motions during the time she had the case, despite good cause to do so. The defendant's case was eventually reassigned when his initial attorney left the office. Once new counsel was assigned to the defendant's case, new counsel [*2]recognized the prior attorney's error and filed the instant motion. The defendant's prior attorney left the organization and there appears to be no explanation as to why she failed to file a timely omnibus motion. However, given the facts of this case, if the defense had filed the instant motion within the requisite 45 days, suppression hearings would have been granted. 
If this court were to deny the instant motion for timeliness, the actions of the prior attorney could be used to appeal any conviction after trial. Failure to move for suppression hearings with no strategic explanation for this failure can result in overturned convictions due to the ineffective assistance of counsel (see People v Bilal, 27 NY3d 961, 962 [2016] [remitting for a new suppression hearing where counsel failed to seek suppression of the gun recovered during the client's encounter with the police, and counsel's affirmation established there was no strategic explanation for this failure]; People v Miller, 11 AD3d 729, 730 [1st Dept 2004] [finding ineffectiveness where counsel failed to move for Huntley and Sandoval hearings]; People v Echavarria, 167 AD2d 138, 139 [1st Dept 1990] [finding ineffectiveness for, among other errors, failure to move for a Wade hearing]; People v Ferguson, 114 AD2d 226, 230-231 [1st Dept 1986] [determining counsel was ineffective for failing to timely move for a suppression hearing]; People v Corchado, 175 AD3d 705, 707—08 [2019] [counsel's failure to timely move for suppression "prejudiced the defendant and rendered counsel's representation ineffective"]; People v Donovan, 184 AD2d 654, 654-655 [2nd Dept 1992] [finding ineffectiveness where counsel failed to move to suppress drugs recovered]; People v Wagner, 104 AD2d 457, 458 [2d Dept 1984] [finding ineffectiveness where, among other errors, defense counsel failed to seek a Mapp hearing despite facts warranting one]; People v Moore, 102 AD2d 898, 898 [2d Dept 1984] [reversing the judgment and ordering a new trial where defense counsel failed to seek either a Wade or a Mapp hearing despite facts potentially warranting them]. 
The facts in Ferguson, 114 AD2d 226 [1st Dept 1986], are similar to those at hand. In Ferguson, the defendant was initially represented by a public defender and charged with criminal possession of a weapon in the third degree. In the 11 months that the defendant was represented by this attorney, the defendant appeared in court when scheduled, however, the attorney never moved for a Mapp hearing, nor made any other motions (id. at 228). Subsequently, the defendant warranted, and upon return, the defendant was assigned a new attorney from the 18-b panel. This new attorney promptly moved for a Mapp hearing, but the attorney's motion was denied for timeliness, as was his motion to renew on the issue. On appeal, the First Department addressed "the denials of the motion for a suppression hearing and the untimeliness issue in the context of the asserted claim of ineffective assistance of defendant's original counsel" (id. at 229). The First Department held:
While after his assignment to the case, defendant's second counsel promptly sought to obtain the crucial Mapp hearing, his persistent and repeated efforts in that regard were rendered nugatory by the "untimeliness" of the application. The fault for that "untimeliness" lay solely at the door of the original counsel who failed to move for such hearing during the 11 months that the case was pending prior to the issuance of the bench warrant and the denial of new counsel's application for that relief was an abuse of discretion under these circumstances. It impermissibly charged defendant with the untoward consequences emanating from his prior counsel's inadequate and, on its face, ineffective representation (id.) (emphasis added). 
The same can be said here. The fault for the instant motion's untimeliness lays solely at the door of the defendant's original counsel who failed to move for suppression hearings. Although no case could be found with identical facts, this court finds that denying the instant motion for [*3]timeliness, given the circumstances, would be an abuse of discretion and legally impermissible. 
There is no value in denying the instant motion for timeliness. Furthermore, the defense is correct that a denial would require Neighborhood Defender Service of Harlem to be relieved and cause additional delay. Neither of these results support the interests of justice or judicial economy. The defendant has a right to contest the legality of the police conduct in this case, and he should not be denied this right simply because prior counsel failed to provide meaningful representation. There is still time to correct this wrong, and the People suffer no prejudice as a result. 
The fact that there is ample caselaw to support the summarily denial of the instant omnibus motion does not persuade this court. Just because a court can do something, does not mean that it should. Here, the defendant was represented from his arraignment by a public defender from Neighborhood Defender Services of Harlem. No reasonable strategy could have supported prior defense counsel's failure to file a timely omnibus motion challenging the legality of the defendant's arrest and police conduct in this case. Defense counsel "had everything to gain and nothing to lose by making a motion for a hearing on the admissibility of the evidence" (Donovan, 184 AD2d at 655 [2d Dept 1992], citing People v Sinatra, 89 AD2d 913 [2d Dept 1982]). 
As stated by Chief Judge Wilson, "All defendants deserve better than bare constitutional sufficiency. They deserve high-quality representationthorough, informed advocacy that fully vindicates their rights and minimizes the chance of wrongful conviction. . . New York's system of indigent defense is not set up to provide high-quality representation. For decades we have been walking a due process tightrope, providing such minimal support for indigent defense that the question is not whether defense counsel has put on the best possible case for a client, but whether the representation was so deficient as to require the trial to be redone. . .Though some progress has been made in recent years, in too many cases we straddle the constitutional minimum. We can and should do better" (People v Watkins, 2024 NY Slip Op 02842 [Ct App May 23, 2024] [Wilson, J., concurring], cert denied sub nom. Watkins v New York, 24-5640, 2024 WL 4655072 [US Nov. 4, 2024]). Here, good cause exists for this court to entertain the instant motion in the interests of justice. As the defense correctly stated, "[f]orcing Mr. McCollum to proceed to trial without allowing him the opportunity to contest the admissibility of the people's anticipated evidence and forfeit his constitutional rights due to an oversight by his previous attorney runs contrary to basic notions of fairness. This course of action is certainly not in line with the interests of justice." This court agrees and will decide this motion despite its late filing. 
SUPPRESSION
The defendant's motion for the suppression of tangible, non-tangible and testimonial evidence, is granted to the extent that Mapp/Dunaway/Johnson/Ingle/Atkins hearings will be conducted. The defendant's motion for the suppression of statements, allegedly attributed to him, is granted to the extent that Huntley/Dunaway hearings will be conducted. The defendant's motion for a voluntariness hearing is also granted. 
SANDOVAL
The defendant's motion pursuant to People v Sandoval, 34 NY2d 371 [1974] and People v Ventimiglia, 52 NY2d 350 [1981] is referred to the trial court for determination.
This constitutes the Decision and Order of this Court.
Dated: December 6, 2024
HON. MARVA C. BROWN, JCC