The People of the State of New York, Respondent, v Delroy Fleming, Appellant. [872 NYS2d 21]—

Judgment, Supreme Court, Bronx County (Ira R. Globerman, J.), rendered April 8, 2003, as amended April 20, 2006, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree, sentencing him to a term of eight years, unanimously reversed, on the law, and the matter remanded for a new trial.

Defendant did not receive effective assistance of counsel. The existing record establishes that trial counsel's overall performance was prejudicially deficient (*see People v Droz*, 39 NY2d 457 [1976]). Counsel demonstrated her lack of basic comprehension of criminal law and procedure through her persistent frivolous conduct at multiple stages of the proceeding, including, among other things, pretrial motion practice, a purported interlocutory appeal, the suppression hearing, requests for jury instructions, posttrial motions and sentencing. Counsel's woeful lack of knowledge approached the traditional "farce and a mockery of justice" standard (*see People v Tomaselli*, 7 NY2d 350, 353-354 [1960]). This case presented an issue of whether defendant was aware of the illicit contents of a package he accepted in a controlled postal delivery. Counsel completely and prejudicially misunderstood and mishandled this issue, and defendant was deprived of a fair trial as a result. We find counsel's unfamiliarity with the sentencing parameters for defendant's crime particularly troubling in view of the fact that before trial defendant received a beneficial plea offer of three to nine years. Concur—Mazzarelli, J.P., Friedman, Buckley, Acosta and Freedman, JJ.