THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WRIGHT, Appellant. [891 NYS2d 66]—

At the conclusion of a suppression hearing, the court reserved decision and the parties proceeded immediately to a nonjury trial. Defendant testified in his own behalf and admitted possessing the 33 bags of cocaine recovered from his person but maintained that the cocaine was for his personal use. The court acquitted defendant of the top count charging him with possession of the cocaine with intent to sell (Penal Law § 220.16 [1]). Prior to testifying, defendant neither requested that the court rule on the suppression motion, protested the absence of a ruling nor asserted that he could not make a knowing decision whether to testify without a ruling. Under these circumstances, we need not determine whether the court erred in denying the motion to suppress the postarrest statement defendant made in response to a question from the arresting officer on the ground

that the officer failed to give *Miranda* warnings. Nor do we need to determine whether this claim of error has been preserved for review. In any event, there is no reasonable possibility the alleged error might have contributed to the conviction (*People v Ayala*, 75 NY2d 422, 433 [1990]). For the same reason, we need not determine whether defendant preserved for review his claim that the subsequent, unsolicited statement he made while en route to the police station should have been suppressed or reach the merits of that claim.

Defendant assumes that if his first statement should have been suppressed on account of the failure to give *Miranda* warnings, the 33 bags of cocaine should have been suppressed as a fruit of that violation (*but see United States v Patane*, 542 US 630 [2004 plurality]; *id*. at 644 [Kennedy, J., joined by O'Connor, J., concurring in judgment]). Even assuming that this claim of error was not waived by defendant's decision to testify before the court ruled on the motion to suppress, we need not resolve it on the merits. During argument on the motion to suppress, the sole ground defendant advanced for suppression was that the arrest was made without probable cause. As defendant never argued that the 33 bags of cocaine should be suppressed on account of the *Miranda* violation, this claim is not preserved for review (*People v Martin*, 50 NY2d 1029, 1030-1031 [1980]) and we decline to review it in the interest of justice. Finally, defendant urges that trial counsel was ineffective if he failed to preserve the suppression claims. Even putting aside that this claim of ineffective assistance of counsel was raised for the first time in defendant's reply brief, it can be raised only in a CPL 440.10 motion as it cannot be reviewed on this record. Concur—Friedman, J.P., McGuire, Renwick, Richter and Manzanet-Daniels, JJ.