THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALANA GORDIAN, Appellant. [952 NYS2d 46]—

Defendant did not receive effective assistance of counsel. The existing record establishes that trial counsel's performance was prejudicially deficient based on her demonstrated lack of comprehension of a material provision of law.

Defendant was arrested while carrying a bag containing an unloaded .22 caliber revolver and eight loose rounds of .22 caliber ammunition. Criminal possession of a weapon in the second degree involves the possession of a "loaded firearm" outside the defendant's home or place of business (Penal Law § 265.03 [3]). Penal Law § 265.00 (15) provides that loaded firearm means any "firearm loaded with ammunition or any firearm which is possessed by one who, at the same time, possesses a quantity of ammunition which may be used to discharge such firearm." There is no dispute that defendant possessed a loaded weapon under this legal definition.

Nevertheless, throughout the entire case, defense counsel focused on the legally irrelevant fact that the cartridges were not in the revolver at the time of the arrest. This was the essence of the entire defense strategy at trial. Moreover, it is clear that counsel was not simply trying to appeal to the jury for

sympathy or nullification. Counsel's legal arguments to the court, outside the presence of the jury, also demonstrated the same lack of understanding of the Penal Law consequences of possessing an unloaded firearm accompanied by ammunition.

Under the circumstances, trial counsel could not have been able to advise defendant properly as to whether it was in her best interest to accept the plea offer that had been available. Furthermore, the record indicates that counsel could have pursued a more appropriate line of defense at trial had she realized that focusing on the unloaded condition of the weapon was futile.

Accordingly, we find that defendant was denied effective assistance and is entitled to a new trial (*see People v Fleming*, 58 AD3d 527 [1st Dept 2009]; *People v Logan*, 263 AD2d 397, 398 [1st Dept 1999], *lv withdrawn* 94 NY2d 798 [1999]; *see also People v Butler*, 94 AD2d 726 [2d Dept 1983]). The existing record is sufficient to determine this issue, and we reject the People's arguments to the contrary. We decline to address defendant's remaining claims. Concur—Andrias, J.P., Friedman, Moskowitz, Freedman and Manzanet-Daniels, JJ.