■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HOLLAND, Appellant. [981 NYS2d 425]—

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered March 2, 2010, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender previ-

ously convicted of a violent felony, to a term of eight years, unanimously reversed, on the law, and the matter remanded for a new trial.

Defendant's ineffective assistance of counsel claim may be reviewed on direct appeal since this Court is able to determine from the record that there was no conceivable strategic purpose for counsel's conduct (*see People v Jones*, 101 AD3d 1482 [3d Dept 2012], *lv denied* 21 NY3d 1017 [2013]). The record reveals that defense counsel's trial strategy rested on a theory that defendant could not be found guilty of the charged sale unless he directly sold narcotics to the undercover officer, rather than an intermediary. However, the identity of the person to whom defendant sold the narcotics is not a material element of the crime charged (*see People v Brown*, 196 AD2d 428, 430-431 [1st Dept 1993], *lv denied* 82 NY2d 804 [1993]).

Counsel demonstrated a lack of familiarity with the applicable criminal law, which prejudiced defendant (*see People v Droz*, 39 NY2d 457 [1976]). By arguing to the court and jury that defendant could not be found guilty of the crime charged if he sold the narcotics to an intermediary instead of to the undercover police officer directly, in essence counsel admitted to the jury that defendant did in fact sell narcotics (*see People v Logan*, 263 AD2d 397 [1st Dept 1999]).

Nor can it be said that counsel's argument was aimed to appeal to the jury for sympathy or nullification, since counsel argued those same irrelevant facts to the court outside the jury's presence, which demonstrated his "lack of understanding of the Penal Law" (*People v Gordian*, 99 AD3d 538, 539 [1st Dept 2012], *lv denied* 20 NY3d 1061 [2013]). Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Gische, JJ.