■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS GARCIA, Appellant. [17 NYS3d 29]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J., at hearing; Renee A. White, J., at plea and sentencing), rendered May 22, 2012, convicting defendant of criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of 2½ years, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations.

The police recovered drugs from defendant pursuant to a search incident to an arrest supported by probable cause. The court's finding of probable cause was supported by an officer's testimony regarding her observation, in a drug-prone location, of a suspicious exchange between defendant and another man of a small object for money, which included defendant weighing the object. Based on the officer's training and experience, she recognized the overall pattern of behavior as characteristic of a drug transaction, regardless of whether the object was specifically recognizable as drug packaging (*see People v Jones*, 90 NY2d 835, 837 [1997]; *People v James*, 83 AD3d 504, 504 [1st Dept 2011], *lv denied* 17 NY3d 817 [2011]; *People v Schlaich*, 218 AD2d 398 [1st Dept 1996], *lv denied* 88 NY2d 994 [1996]). The officers who performed the actual arrest and search received the information from the officer in the observation post, and were entitled to rely on that information pursuant to the fellow officer rule (*see People v Ketcham*, 93 NY2d 416, 419 [1999]).

The evidence also supports the conclusion that the search was "incident to an actual arrest, not just to probable cause that might have led to an arrest, but did not" (*People v Reid*, 24 NY3d 615, 619 [2014]), and the clear import of the hearing court's decision is that it made such a finding. There was no evidence that the police formed the intent to arrest defendant only after they conducted their search. Instead, it is evident that at the time the officers approached defendant, they

intended to arrest him based on probable cause to believe he had acquired contraband during the apparent drug transaction observed by their fellow officer.

Defendant claims that the drugs should have been suppressed as the fruit of a statement that was suppressed by the hearing court for lack of *Miranda* warnings and that included defendant's consent to a search of his person. Defendant failed to preserve this specific claim (*see People v Wright*, 68 AD3d 573, 574 [1st Dept 2009], *lv denied* 14 NY3d 774 [2010]), and we decline to review it in the interest of justice. As an alternative holding, we find that it is unsupported by the hearing evidence, which clearly establishes that the search was not based on defendant's consent, or any other statement by defendant, but on probable cause that preexisted any statements. We find it unnecessary to reach the issue of whether, given United States Supreme Court authority to the contrary (*see United States v Patane*, 542 US 630 [2004]), physical evidence may be suppressed as fruit of a *Miranda* violation. Concur—Tom, J.P., Acosta, Moskowitz and Richter, JJ.