■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIGI JAQUEZ, Appellant. [55 NYS3d 188]—

Judgment, Supreme Court, New York County (Herbert J. Adlerberg, J.H.O., at suppression hearing; Eduardo Padro, J., at plea and sentencing), rendered October 29, 2014, as amended December 2, 2014, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of two years, unanimously affirmed.

The court properly denied the motion to suppress drugs

recovered from defendant's person. While the record demonstrates that they were discovered as the result of a statement that was suppressed, they were nevertheless admissible pursuant to the doctrine of inevitable discovery. Because defendant would have been subjected to several thorough searches following his arrest, there was a "very high degree of probability" that "normal police procedures" would inevitably have led to the discovery of the drugs, even without the statement (*People v Turriago*, 90 NY2d 77, 86 [1997]; *see also People v Silver*, 178 AD2d 499, 500 [1991]). In light of this determination, as in *People v Garcia* (132 AD3d 405, 406 [1st Dept 2015], *lv denied* 26 NY3d 1039 [2015]), "we find it unnecessary to reach the issue of whether, given United States Supreme Court authority to the contrary (*see United States v Patane*, 542 US 630 [2004]), physical evidence may be suppressed as fruit of a *Miranda* violation."

Defendant's challenges to the court's basis for terminating his participation in a diversion program and imposing a two-year sentence are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. The record, viewed as a whole, establishes that defendant was aware that under the terms of his plea agreement he was obligated to inform the court of any arrests. Accordingly, defendant violated the agreement when he failed to report a significant drug arrest, notwithstanding that this arrest did not lead to a conviction. Moreover, the court was entitled to consider that it already had given defendant a second chance despite an earlier arrest while he was in the program (*see e.g. People v Darcy*, 34 AD3d 230 [1st Dept 2006], *lv denied* 8 NY3d 879 [2007]). Defendant's failure to disclose the arrest, combined with his previous failure to comply with the plea conditions, provided ample grounds upon which to terminate defendant's participation in the program and impose a prison sentence, regardless of the validity of other comments made by the court in making its determination. Concur—Tom, J.P., Mazzarelli, Manzanet-Daniels and Webber, JJ.