People v Corchado (2019 NY Slip Op 06408)





People v Corchado


2019 NY Slip Op 06408


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2014-07236
 (Ind. No. 10142/12)

[*1]The People of the State of New York, respondent,
v
Jaime Corchado, appellant.


Mischel & Horn, P.C., New York, NY (Richard E. Mischel and Gail Jacobs of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Danielle S. Fenn of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robert Charles Kohm, J.), rendered July 1, 2014, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminally using drug paraphernalia in the second degree, unlawful possession of marihuana, criminal possession of a weapon in the second degree, criminal possession of a weapon in the fourth degree, and conspiracy in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, to afford the defendant the opportunity to make a new motion to suppress the weapons recovered from his home based on the suppression of his statements to the police, and for a new trial thereafter.
In early 2010, the New York City Police Department (hereinafter NYPD) began investigating a restaurant in Queens, after receiving information that large amounts of cocaine were being sold at that location. The investigation initially focused on Brian Romero, one of the owners of the restaurant, and another individual. On October 21, 2010, the police obtained an eavesdropping warrant, which initially covered the phone numbers of Romero and the other individual. Subsequently, on November 19, 2010, a phone call was intercepted between Romero and another man, who was later determined to be the defendant. During the call, the defendant sought to purchase cocaine from Romero. The police obtained a court order adding the defendant's telephone number to the eavesdropping warrant, and between December 2010 and August 2011, they intercepted phone calls on the defendant's telephone in which he agreed to buy cocaine from suppliers and sell cocaine to others.
On August 17, 2011, police executed a search warrant at the defendant's deli. The defendant was handcuffed and placed under arrest, but was not given Miranda warnings (see Miranda v Arizona, 284 US 436). A detective told the defendant that he was there for Romero's gun and for the defendant's drugs. The defendant told the detective that Romero's gun was not there because he had taken it home. He indicated that the drugs were in the meat case of the deli counter. [*2]A bag containing cocaine, marijuana, drug paraphernalia, and a scale was recovered from behind the deli counter. Based on the statements made by the defendant without the benefit of Miranda warnings, the police obtained a search warrant to search the defendant's home in Nassau County for firearms. During the search, the police recovered a pistol, a shotgun, and ammunition.
Prior to trial, the Supreme Court held a Mapp/Wade/Huntley/Dunaway hearing. During oral argument on August 13, 2013, after the hearing had concluded, defense counsel moved to suppress the evidence recovered in the search of the deli. He did not contend that the evidence seized from the defendant's home should be suppressed. The court suppressed the statements the defendant made at the deli after he had been arrested and handcuffed, as well as the statements made to the detective at the precinct, since the defendant had not been advised of his Miranda rights. The court did not suppress the physical evidence seized at the deli and at the defendant's house.
Shortly before trial, on June 2, 2014, the defendant moved to suppress the weapons seized at his home, arguing that officers from the NYPD had no authority to execute the search warrant in Nassau County. Defense counsel acknowledged on the record that the defendant was not moving to controvert the search warrant, that the issue was not that the search warrant was improper, nor that the Judge who issued the search warrant lacked the authority to do so. The court denied the motion as untimely and without merit. After the jury trial, the defendant was convicted of multiple crimes. He appeals from the judgment of conviction.
The defendant's contention that his convictions of criminal sale of a controlled substance in the third degree and conspiracy in the fourth degree were based on legally insufficient evidence is unpreserved for appellate review (see People v Miller, 160 AD3d 1040, 1041; People v Gordon, 132 AD3d 904, 904). In any event, the contention is without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of these crimes beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349; People v Bleakley, 69 NY2d 490, 495). Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt as to these crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-644).
The defendant's contention that the weapons recovered from his home during the search on August 17, 2011, should have been suppressed as the fruits of his statements which were suppressed for lack of Miranda warnings is also unpreserved for appellate review (see People v Garcia, 132 AD3d 405, 406; People v Wright, 68 AD3d 573, 574). However, we agree with the defendant that defense counsel's failure, inter alia, to raise this issue before the Supreme Court deprived him of the effective assistance of counsel, and therefore, a new trial is warranted.
" The right to effective assistance of counsel is guaranteed by the Federal and State Constitutions[,] [but a] contention of ineffective assistance of trial counsel requires proof of less than meaningful representation, rather than simple disagreement with strategies and tactics'" (People v Clark, 129 AD3d 1, 16, affd 28 NY3d 556, quoting People v Rivera, 71 NY2d 705, 708-709; see People v Lassiter, 44 AD3d 877, 878). Under the New York Constitution, a defendant must show that he or she was not afforded "meaningful representation" (People v Baldi, 54 NY2d 137, 147). A reviewing court must examine whether "the evidence, the law, and the circumstances of [the] particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (id. at 147; see People v Graham, 129 AD3d 860, 861-862).
"[T]he right to effective representation includes the right to assistance by an attorney who has taken the time to review and prepare both the law and the facts relevant to the defense" (People v Droz, 39 NY2d 457, 462; see People v McCray, 140 AD3d 794, 796). Here, defense counsel's assertion of an inappropriate argument in support of the belated suppression motion, and counsel's complete failure to challenge the admissibility of physical evidence seized from the defendant's home based on the Miranda violation (see People v Torres, 172 AD3d 758; People v Blacks, 153 AD3d 720), prejudiced the defendant and rendered counsel's representation ineffective (see generally People v Holland, 115 AD3d 492, 493; People v Gordian, 99 AD3d 538, 538).
In view of the foregoing, we do not reach the merits of the defendant's current unpreserved suppression argument.
Accordingly, the judgment of conviction must be reversed and the matter remitted to the Supreme Court, Queens County, to afford the defendant the opportunity to make a new motion to suppress the weapons recovered from his home based on the suppression of his statements to the police, and for a new trial thereafter.
MASTRO, J.P., MALTESE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court