People v Ortiz (2020 NY Slip Op 07679)





People v Ortiz


2020 NY Slip Op 07679


Decided on December 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

Before: Manzanet-Daniels, J.P., Gesmer, Kern, Oing, Moulton, JJ. 


Ind No. 1957/16 Appeal No. 12667-12667A Case No. 2018-71 

[*1]The People of the State of New York, Respondent,
v
Guillermo Ortiz, Defendant-Appellant.


Stephen Chu, Interim Attorney-in-Charge, Office of the Appellate Defender, New York (Gabe Newland of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jonathan Krois of counsel), for respondent.



Judgment, Supreme Court, New York County (Gregory Carro, J. at suppression hearing; Robert M. Mandelbaum, J. at jury trial and sentencing), rendered January 30, 2017, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to a term of eight years; and order, same court (Mandelbaum, J.), entered on or about October 7, 2019, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
The court properly denied defendant's suppression motion. After his arrest, but before receiving Miranda warnings, defendant initiated a conversation with the police in which he sought to obtain leniency by providing information about criminal activity by other persons. The brief conversation was not interrogation, not only because it did not pertain to defendant's case (see People v Burton, 57 AD3d 261 [1st Dept 2008], lv denied 12 NY3d 781 [2009]), but also because it was entirely about the criminal activity of persons other than defendant. When defendant spontaneously made a remark that incriminated himself, the officers immediately stopped defendant and read him his Miranda rights before allowing him to continue. Thus, viewed in context, defendant's statement that he had a firearm was not the product of interrogation, because it did not result from police questioning that was reasonably likely to induce an inculpatory statement. In any event, defendant's videotaped statement, made after waiving his rights, was attenuated from the unwarned statement made more than 24 hours earlier. Finally, because we find no Miranda error, we find it unnecessary to reach the issue defendant raises regarding suppression of physical evidence as the fruit of a Miranda violation (see People v Jaquez, 150 AD3d 543, 544 [1st Dept 2017], lv denied 30 NY3d 950 [2017]).
We find that defendant received effective assistance of counsel under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-14 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they were prejudicial under either of those standards. More specifically, we find that it would have been futile (see People v Stultz, 2 NY3d 277, 287 [2004]) for counsel to have made the additional suppression arguments defendant faults counsel for failing to make, or to challenge, on authentication grounds, the admission at trial of certain cartridges. We also find that counsel properly cautioned defendant that a defense based on a firearm being unloaded (but accompanied by ammunition) would be unavailing, and adequately advised defendant that a guilty plea was in his best interest. Furthermore, when defendant, after being made aware that temporary innocent possession would not succeed as a defense, insisted on proceeding to trial and testifying in accordance with [*2]that defense, it was objectively reasonable for counsel to pursue a defense that matched his client's testimony. Finally, the court providently exercised its discretion when it denied the motion without granting a hearing (see People v Samandarov, 13 NY3d 433, 440 [2009]). The parties' submissions did not raise a factual dispute requiring an evidentiary hearing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2020