People v Calderon (2025 NY Slip Op 05755)

People v Calderon

2025 NY Slip Op 05755

Decided on October 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 16, 2025

Before: Manzanet-Daniels, J.P., Friedman, Pitt-Burke, Rosado, Chan, JJ. 

Ind No. 3507/19|Appeal No. 4806|Case No. 2022-00046|

[*1]The People of the State of New York, Respondent,
v
Duntrell Calderon, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Molly Booth of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Faith DiTrolio of counsel), for respondent.

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered December 8, 2021, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second violent felony offender, to a term of five years, unanimously reversed, on the law, and the matter remanded for a new trial.
Defendant's ineffective assistance of counsel claim may be reviewed on direct appeal since there is an irrefutably clear record from which this court is able to establish conclusively the merits of defendant's claim and determine that there was no conceivable strategic purpose for counsel's conduct (see People v Holland, 115 AD3d 492, 493 [1st Dept 2014]; cf. People v Lopez-Mendoza, 33 NY3d 565, 573 [2019]; People v Jones, 101 AD3d 1482, 1483 [3d Dept 2012], lv denied 21 NY3d 1017 [2013]).
Defendant has sufficiently demonstrated, on this record, several violations of the right to counsel and established that defense counsel's misapprehension of the law was "sufficiently egregious and prejudicial as to compromise. . . defendant's right to a fair trial" (People v Caban, 5 NY3d 143, 152 [2005], citing People v Hobot, 84 NY2d 1021, 1022 [1995] and People v Flores, 84 NY2d 184, 188 [1994]) and the "fairness of the process as a whole" (People v Benevento, 91 NY2d 708, 714 [1998]).
Penal Law § 120.05(7) provides that a person is guilty of assault in the second degree when "[h]aving been charged with or convicted of a crime and while confined in a correctional facility, . . . with intent to cause physical injury to another person, he causes such injury to such person or to a third person" (emphasis added).
Nevertheless, the record reveals that defense counsel's trial strategy rested on the erroneous theory that defendant could not be found guilty of the charged offense if it could be proved that the correction officer was not the intended target of the assault. At trial, defense counsel called his client to testify. Defendant testified that while incarcerated, he became involved in an altercation with another inmate. He explained that during the encounter, he threw a "sucker punch" at that inmate, but in so doing, struck the correction officer instead. Defendant averred that the correction officer was not his intended target.
During summation, defense counsel compounded this error by incorrectly stating the required elements of Penal Law § 120.05(7) and declaring that in order to find defendant guilty of the charge, it must be proved that defendant intended to hit the correction officer. However, proving that the intended target of the assault was the correction officer is not a material element of the crime charged. Thus, counsel's defense strategy constituted an admission to the jury of the elements necessary to prove the assault in the second-degree count (see Penal Law § 120.05[7]). Moreover, defense counsel's argument to the court that he did not believe that the prosecution could amend its theory based on defendant's testimony demonstrated yet another critical misunderstanding, of settled New York law that pertained to the entire defense strategy (Holland, 115 AD3d at 493). As the court pointed out, the indictment clearly included two assault counts, one of which charged Penal Law § 120.05[7]) .
Nor can it be said that defense counsel's argument was aimed to appeal to the jury for sympathy or nullification, since he argued those same irrelevant facts to the court, outside the jury's presence, which demonstrated his "lack of understanding of the Penal Law" (Holland, 115 AD3d at 493). As such, defense counsel demonstrated a lack of familiarity with the applicable criminal law, which prejudiced defendant (id.).
Accordingly, we find that defendant was denied effective assistance and is entitled to a new trial (People v Fleming, 58 AD3d 527 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 16, 2025